95 P.3d 548

**STATE of Arizona ex rel Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Dennis W. DAIRMAN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Angela Holguin, Beatrice Holguin, Michael Rodriguez, Sr., and Martin Gabriel Quihuis, Real Parties in Interest.**

**No. 1 CA–SA 04–0110.**

Court of Appeals of Arizona, Division 1, Department E.

Aug. 10, 2004.

Richard M. Romley, Maricopa County Attorney By Gerald R. Grant, Deputy County Attorney, Phoenix, Attorneys for Petitioner State of Arizona.

Gary Beren, Scottsdale, Attorney for Real Parties in Interest Angela Holguin, Beatrice Holguin and Michael Rodriguez, Sr.

James J. Haas, Maricopa County Public Defender By Bruce Walker, Deputy Public Defender, Mesa, Attorneys for Real Party In Interest Martin Quihuis.

**OPINION**

BARKER, Judge.

¶ 1 The issue we address in this matter is whether a representative, other than a legal guardian, may be appointed for a minor victim when the defendant is not part of the victim's "immediate family." *See* Ariz.Rev. Stat. ("A.R.S.") § 13–4403(C) (2001). We hold that the Victims' Bill of Rights in Arizona's constitution[1] preserves the equitable power of a trial court that allows for, and in fact requires, the appointment of such a separate representative when a minor's legal guardian is unable or unwilling to adequately represent the minor victim's interests.[2]

**I.**

¶ 2 We have jurisdiction for this special action because there is no other remedy available by appeal. *State ex rel. Gonzalez v. Superior Court,* 184 Ariz. 103, 104, 907 P.2d 72, 73 (App.1995) (stating that special action jurisdiction is appropriate if there is no adequate remedy by appeal and the case will guide the trial court's interpretation of a statute); *State ex rel. Romley v. Sheldon,*

---

1. Ariz. Const. art. 2, § 2.1.

2. We previously issued an order granting relief and indicated that a subsequent opinion may follow. This is that opinion.

198 Ariz. 109, 110, ¶ 2, 7 P.3d 118, 119 (App. 2000) (accepting jurisdiction where the legal issue is likely to recur and where the state would have no remedy by appeal of trial court's ruling). What is at issue here are pre-trial rights of victims that will be lost if special action jurisdiction is not available. Under these circumstances, special action jurisdiction is appropriate.

## II.

¶ 3 The real parties in interest are the minor victims' legal guardians and defendant Martin Gabriel Quihuis ("defendant").[3] Defendant was charged with six counts of molestation of a child, class 2 felonies and dangerous crimes against children. The victims are two cousins, ages four and eight. At the time of the offenses and up until defendant was taken into custody on these charges, the victims lived in the same house as defendant and their legal guardians. The four-year-old victim's legal guardian is defendant's sister and both victims' grandmother. The eight-year-old victim's legal guardian is defendant's niece and that victim's mother. Upon investigating a report regarding the molestation, both legal guardians admitted that the victims as well as the father of one of the victims had informed them of the alleged molestation.

¶ 4 The state filed a motion requesting representatives[4] other than the legal guardians for both victims. The state asserted in the trial court that the legal guardians were not "accurately expressing the views of the minor victims" but "were instead attempting to protect" defendant. The state claimed that it "never attempted to force the victims to assert any of their rights under the Victims' Bill of Rights nor has it attempted to coerce the victims to meet and cooperate" with the state. Rather, the state asked the trial court to "appoint someone to represent the victims who was independent of the State, the defense and the legal guardians."

¶ 5 The trial court denied the state's request to appoint representatives for the victims. The trial court's rationale for this decision was that A.R.S. § 13–4403(C) did not authorize it to appoint a representative because defendant was not part of either victim's "immediate family." Subsequent to the state's filing of this special action, but before our resolution of it, defendant accepted a plea agreement pleading guilty to two counts of attempted molestation of a child, class 3 felonies. The legal guardians now claim this moots the appeal because the need to cooperate with the prosecution has ceased and the victims need not participate in the sentencing proceedings. We address first whether the issue is moot. We then turn to the statutory issue.

## III.

### A.

■ ¶ 6 Pursuant to Article 2, Section 2.1(A)(4), of the Arizona Constitution, a victim has the right to "be heard at any proceeding involving a post-arrest release decision, a negotiated plea, and *sentencing.*" (Emphasis added.) Arizona Rule of Criminal Procedure 39(b)(7) provides that the victim has rights which include "the rights to be heard at any such proceeding and at sentencing." The legislature has likewise provided for victims' rights at sentencing. *See, e.g.,* A.R.S. § 13–4410 (2001) (requiring that a victim be notified of her rights including the right "to make a victim impact statement" and "to be present and heard at any presentence or sentencing proceeding"); A.R.S. § 13–4424(A) (2001) ("The victim may submit a written impact statement or make an oral impact statement to the probation officer for the officer's use in preparing a presentence report.").

¶ 7 Our present sentencing scheme places a statutory mandate upon the trial court to consider the impact of the crime upon the victim: "For the purposes of determining the

---

**3.** The parties have not raised, and consequently we do not address, whether either defendant or Michael Rodriguez, Sr. (who is the father of one of the victims but not a legal guardian) has standing as to this matter.

**4.** The parties refer to the representatives as guardians ad litem. However, we use the terminology of the statute. *See* A.R.S. § 13–4403 (using the term "representative").

sentence ... the court *shall* consider ... [t]he physical, emotional and financial harm caused to the victim...." A.R.S. § 13–702(C)(9) (Supp.2003) (emphasis added). In this case, the record [5] before the court makes it clear that the legal guardians for the children did not believe that the children had been molested. The record shows that both legal guardians "believe the defendant is innocent and they don't believe the disclosures made by the victims ... [and] despite [the fact that] the defendant made admissions, they still continue to believe he's entirely innocent and the charges should be dismissed." [6] Defendant has now, in fact, pled guilty to two counts of attempted molestation of a child.

¶ 8 Given the record presented in this special action, the state has established the factual predicate for a hearing on the issue of whether the current legal guardians will permit these victims to present the emotional or other impact that these offenses have had upon them. Our present statutory sentencing scheme requires the trial court to consider the impact that these offenses have had upon a victim. A.R.S. § 13–702(C)(9). Thus, the issue of whether a victim's representative should be appointed is not moot.

¶ 9 We must address the impact of the United States Supreme Court's recent decision in *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) as it relates to the victims' rights issue before us. In *Blakely*, the Court held that aggravating factors that are used to increase a sentence beyond a "statutory maximum" must be found by a jury, unless that right is waived or admitted by the parties. *Id.* at 7, at —, 124 S.Ct. 2531. These aggravating factors may not be determined by a trial judge. *Id.* The court defined "statutory maximum" as follows:

> [T]he relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Id.* Thus, *Blakely* obviously affects whether a trial judge, without a waiver from the parties, can aggravate a sentence based on the statutory aggravating factor of "physical, emotional and financial harm caused to the victim." A.R.S. § 13–702(C)(9).

¶ 10 We do not rule on the constitutionality of Arizona's sentencing scheme because that issue has neither been presented nor briefed. We refer to *Blakely* for two reasons only: (1) it is clear to us that the trial court will need to consider *Blakely* when providing for the particular type of sentencing *proceeding* (judge or jury) at which the victim has rights, and (2) regardless of the type of sentencing proceeding that *Blakely* constitutionally requires, the trial judge has a statutory and Arizona constitutional mandate to allow for the presentation of permissible evidence by a victim at a sentencing proceeding whether that proceeding is before the trial judge, the jury, or a combination of the two. *See* Ariz. Const. art. 2, § 2.1(A)(4) (victims have the right to "be heard at *any proceeding involving* a post-arrest release

5. There was no evidentiary hearing held. At the time set for the hearing the trial court stated that no evidence would be heard due to the trial court's belief that it had no authority to appoint a victim's representative. Accordingly, we treat the prosecutor's avowals as an offer of proof. *Jones v. Pak–Mor Mfg. Co.*, 145 Ariz. 121, 129, 700 P.2d 819, 827 (1985) (quoting M. Udall & J. Livermore, *Arizona Law of Evidence*, § 13 at 20–21 (2d ed. 1982)) ("An offer of proof is 'simply a detailed description of what the proposed evidence is.' ... Offers of proof serve a two-fold purpose: 'First, the description puts the trial judge in a better position to determine whether his initial ruling was erroneous and to allow the evidence to be introduced if he decides it was. Second, the appellate court will be able from the description to determine whether any error was harmful in the context of the case.' ").

6. Other pertinent avowals are as follows: one of the legal guardians "insisted that the Defendant was in no way guilty of the charges against him and was only tickling her son"; this legal guardian said that "her son would not be a witness for the State ... [and] that she would hire an attorney to prevent her son from testifying"; when she was told that defendant had made admissions and that defendant's counsel indicated defendant would likely plead guilty, the legal guardian indicated that she "would never let [defendant] plead to these charges"; the other legal guardian indicated to the victim witness advocate that the two minors "were in no way victims in this case" and requested a referral for an attorney.

decision, a negotiated plea and *sentencing* ") (emphasis added); A.R.S. § 13–4410 (requiring that a victim be notified of her rights, including the right "to make a victim impact statement" and "to be present and heard at *any* presentence or *sentencing proceeding* ") (emphasis added). Victims' rights are not restricted to sentencing proceedings conducted by the court. They must also be provided for in sentencing proceedings that are constitutionally required to be undertaken by a jury.

### B.

¶ 11 In this case, the trial court believed it was without authority to appoint a representative, reasoning that A.R.S. § 13–4403(C) did not grant authority in this case and that the court only had authority pursuant to that statute.

¶ 12 In pertinent part, the statute provides that "the victim's parent ... or other immediate family member may exercise all of the victim's rights on behalf of the victim." *Id.* It also provides that when a defendant is a member of the victim's "immediate family," a representative other than a parent or immediate family member may be appointed on behalf of the minor. *Id.*[7] Arizona Revised Statutes § 13–4401(11) (Supp.2003) provides that " '[i]mmediate family' means a victim's spouse, parent, child, sibling, grandparent or lawful guardian." No party contends that defendant is a member of the victims' "immediate family," as defined by statute.

¶ 13 Prior to the passage of § 13–4403(C), our case law had an established equitable rule that allowed the appointment of representatives when needed to protect children in legal proceedings. As stated in *Stewart v. Superior Court*, 163 Ariz. 227, 230, 787 P.2d 126, 129 (App.1989):

> We acknowledge that no rule or statute expressly grants a criminal division the authority to appoint a guardian ad litem

for children who might be called as witnesses. This, however, does not require the conclusion that a criminal court lacks authority to make such an appointment in an appropriate case. We find that the rules and statutes that presently express the court's authority to appoint guardians ad litem are not exclusive *sources* of that power. Rather they are non-exclusive codifications of an equitable power and responsibility dating back to chancery days.

¶ 14 The parties argue that § 13–4403(C) either (1) codified and restricted the ability of the court to appoint victims' representatives or (2) left untouched the equitable power of a trial court to appoint a representative for a minor in such circumstances. The trial court accepted the view that § 13–4403(C) restricted the rights of minor victims that existed prior to the statute's passage. We disagree.

¶ 15 We hold that § 13–4403(C) does not limit the court's equitable power to appoint a victim's representative for a minor in these circumstances. We recognize that when one circumstance is identified by the legislature in which relief can be provided by the court, the identification of such circumstances can be considered to preclude the court from granting relief in other circumstances. *See PAM Transport v. Freightliner Corp.*, 182 Ariz. 132, 133, 893 P.2d 1295, 1296 (1995) ("[I]f a statute specifies under what conditions it is effective, we can ordinarily infer that it excludes all others."). Under this rationale we would be inclined to consider that the legislature, by enacting the provision for the appointment of a non-legal guardian representative for a victim in circumstances where a defendant belongs to the victim's "immediate family," intended to preclude the appointment of such a representative when the defendant was not a member of the "immediate family." Other constitutional and statutory provisions pertinent here lead

---

7. The full text of § 13–4403(C) is as follows:
  If the victim is a minor or vulnerable adult the victim's parent, child or other immediate family member may exercise all of the victim's rights on behalf of the victim. If the criminal offense is alleged against a member of the minor's or vulnerable adult's immediate family, the victim's rights may not be exercised by

that person but may be exercised by another member of the immediate family unless, after considering the guidelines in subsection D of this section, the court finds that another person would better represent the interests of the minor or vulnerable adult for purposes of this chapter.

us to a contrary conclusion in this particular setting.

¶ 16 The ability of the court to appoint representatives for minor victims is not just a "power" of the court, it is also a "right" of victims; parties before the court have a right to insist that the court exercise this power on a minor victim's behalf if the circumstances require. *See Stewart*, 163 Ariz. at 230, 787 P.2d at 129 (court has "an equitable power and *responsibility* ") (emphasis added); [8] Rules of Procedure for Special Actions 3(a) and (b) (permitting special action relief for failure to exercise discretion which a court "has a duty to exercise" and when "a determination was arbitrary and capricious or an abuse of discretion"). When the citizens of Arizona added the Victims' Bill of Rights to the Constitution, they specifically provided that "[t]he enumeration in the constitution of certain rights for victims *shall not be construed to deny or disparage others* granted by the legislature or *retained by victims.*" Ariz. Const. art. 2, § 2.1(E) (emphasis added). Victims' rights prior to the passage of this constitutional provision were thus "retained by victims." We further note that the Victims' Bill of Rights also provides that its purpose is "[t]o *preserve* and protect victims' rights to justice and due process." Ariz. Const. art. 2.1(A) (emphasis added). In addition to this constitutional mandate, the legislature also provided by statute that "[t]his chapter [which includes § 13–4403(C) ] shall be liberally construed *to preserve* and protect the rights to which victims are entitled ." A.R.S. § 13–4418 (2001) (emphasis added). Thus, the direct constitutional and statutory mandate is "to preserve" the rights that minor victims had *prior* to the passage of that constitutional provision and the subsequent legislation. We accordingly reject the proposition that A.R.S. § 13–4403(C) precludes victims' rights which existed prior to enactment of the statute.

¶ 17 We emphasize that the appointment of a representative other than a "parent . . . or other immediate family member" is not a broad grant of authority over a minor victim. The only duties that such a person may undertake are those related to the child's role as a victim for the offenses charged. Our ruling here-and our application of the equitable power of the court-is one expressly provided for by the people when they preserved rights "retained by victims." Ariz. Const. art. 2, § 2.1(E). The scope of our holding pertains solely to the children's interests as victims of a crime. Thus, there can be no interference by a victims' representative with the parental rights and responsibilities except insofar as necessary to allow the children's interests as victims to be properly presented, heard, and otherwise taken into account.

### C.

¶ 18 We also point out that our analysis would be the same without the guilty plea. We address this argument because defendant and the legal guardians point to defendant's presumption of innocence as a means of thwarting the appointment of a victims' representative.

¶ 19 We do not doubt or question the presumption of innocence to which a defendant is entitled. *See In re Winship*, 397 U.S. 358, 363, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (quoting *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct. 394, 39 L.Ed. 481 (1895)) (stating that the presumption of innocence is the "bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law' "). We are concerned, however, with the reliance on the presumption of innocence applicable to a *defendant*, in determining whether rights pertaining to a *victim* are or

---

**8.** *Stewart v. Superior Court* dealt with minors who were witnesses in a criminal trial, but not the victims of the criminal offense at issue. 163 Ariz. at 228, 787 P.2d at 127. They were siblings to the victim. *Id.* In that setting, *Stewart* provided for a two-prong test for the appointment of a guardian ad litem: (1) that the minor's legal guardian is unable or unwilling to protect the minor's interests and (2) that the minor's interests in fact need to be protected. *Id.* at 229–31, 787 P.2d at 128–130. In our setting, dealing with a minor who is a victim, prong two of the test is always satisfied if the minor does not have a legal guardian who is able or willing to represent the minor's interests as a victim (prong one). A victim, whether a minor or not, has a constitutional right to the protections described herein. Ariz. Const. art. 2, § 2.1.

have been invoked. To the extent that evidence of guilt may be required to rebut the presumption for purposes of appointing a representative, that evidentiary burden is satisfied when charges are filed.

¶ 20 As set forth in A.R.S. § 13–4402(A) (2001), "the rights and duties that are established by this chapter [victims' rights] arise on the arrest or formal charging of the person or persons who are alleged to be responsible for a criminal offense against a victim ... [and] continue to be enforceable ... until the final disposition of the charges...." Victims' rights accrue at the time of arrest or formal charge of the alleged incident and take root as the criminal proceedings progress. See, e.g., A.R.S. § 13–4406 (2001) (requiring notification to victim of defendant's initial appearance); A.R.S. § 13–4419 (2001) (granting a victim the right to confer with the prosecuting attorney regarding the defendant's case); A.R.S. § 13–4433 (2001) (delineating the scope of a victim's right to refuse an interview by defendant or anyone representing defendant's interests); A.R.S. § 13–4420 (2001) (granting a victim the right to be present at all proceedings in which the defendant has a right to be present); A.R.S. § 13–4424 (granting a victim the right to make a statement for defendant's presentence report); A.R.S. § 13–4427 (granting a victim the right to be present at defendant's probation modification or revocation proceeding).

¶ 21 Obviously, if victims' rights did not accrue until after a determination of guilt, the provisions for victims' rights prior to trial or a guilty plea would be of little value. Our rules also recognize this by referring to the victim as "a person against whom a criminal offense ... has *allegedly* been committed." Ariz. R.Crim. P. 39(A)(1) (emphasis added); *see also* A.R.S. § 13–4421 (2001) ("The victim has the right to be heard at the initial ap-

pearance of the person *suspected* of committing the criminal offense against the victim.") (emphasis added); A.R.S. § 13–4422 (2001) ("The victim has the right to be heard at any proceeding in which the court considers the post-arrest release of the person *accused* of committing a criminal offense against the victim or the conditions of that release.") (emphasis added).

¶ 22 In the context at issue here,[9] victims' rights neither trump, nor are trumped by, a defendant's presumption of innocence. Each set of rights is independent. A defendant is presumed innocent of all charges and is entitled to all rights and duties owed him or her. A victim, on the other hand, is presumed to have been violated for purposes of obtaining victims' rights and is entitled to those rights as provided under our constitution and laws.

## IV.

¶ 23 The enactment of A.R.S. § 13–4403(C) did not abolish a trial court's authority and duty to appoint a representative for a minor victim when the minor's legal guardians are unable or unwilling to represent the minor victim's interests. A trial court retains the equitable power to appoint a representative for a minor victim whether or not a defendant is a member of the victim's "immediate family." The trial court must exercise its discretion to utilize this power if the circumstances require it to do so.

¶ 24 Accordingly, for the reasons above, we grant the relief requested in the special action.

CONCURRING: PATRICIA K. NORRIS and JOHN C. GEMMILL, Judges.

---

9. This court has previously held that "when the defendant's constitutional right to due process conflicts with the Victim's Bill of Rights in a direct manner ... then due process is the superior right." *State ex rel. Romley v. Superior Court,* 172 Ariz. 232, 236, 836 P.2d 445, 449 (App. 1992). The right at issue in *Romley* was defendant's access to the victim's psychological medical records which could possibly be used to ex-

culpate the defendant or impeach the victim's credibility. *Id.* at 235, 238, 836 P.2d at 448, 451. The court remanded the case to the trial court for a determination of whether any portion of the medical records was essential to the defendant's defense or to the victim's credibility as a witness. *Id.* at 239, 836 P.2d at 452. These considerations are clearly not at issue here.