396 P.3d 608

**STATE of Arizona, Petitioner,**

v.

**The Honorable Kevin B. WEIN, Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Commissioner,**

**Phillip Ray Sisco, Real Party in Interest.**

**No. 1 CA–SA 16–0159**

Court of Appeals of Arizona,
Division 1.

FILED 4/27/2017

Maricopa County Attorney's Office, Phoenix, By Lisa Marie Martin, Counsel for Petitioner

Curry Pearson & Wooten PLC, Phoenix, By Kristen M. Curry, Counsel for Real Party in Interest

Judge Jon W. Thompson delivered the Opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

## OPINION

THOMPSON, Judge:

¶ 1 This special action arises out of the superior court's refusal to consider victims' impact statements proffered by the state during a bond release hearing. The court ruled that, at a hearing to determine whether a defendant was bondable, it would not con-sider the impact statements without giving the defense an opportunity to cross-examine the victims at the hearing. The state petitioned this court. For the following reasons, we accept jurisdiction and grant relief.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In January 2016, Real Party in Interest, Phillip Ray Sisco (Sisco), was charged by indictment with three counts of sexual assault, class 2 felonies; one count of child molestation, a class 2 felony and dangerous crime against children; seven counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children; four counts of sexual abuse, class 3 felonies and dangerous crimes against children; one count of sexual abuse, a class 5 felony as well as various misdemeanors for acts in 1987–89, 1998 and 2001–2004 involving two victims. Sisco originally was held without bond.

¶ 3 In June 2016, the Court of Appeals in *Simpson v. Miller*, 240 Ariz. 208, 209, ¶¶ 2–3, 377 P.3d 1003, 1004 (App. 2016), *vacated by* 241 Ariz. 341, 387 P.3d 1270 (2017) (*Simpson II*), decided that persons who had been held without bond pursuant to Arizona Revised Statutes (A.R.S.) section 13–3961(A)(3) (2016) (where "the proof is evident or the presumption great that the person is guilty of ... [s]exual conduct with a minor who is under fifteen years of age") were entitled to a further hearing under A.R.S. § 13–3961(D). Under *Miller*, to hold a defendant without bond a trial court would have to find (1) the proof evident or presumption great that the defendant is guilty of sexual conduct with a minor under the age of 15, (2) clear and convincing evidence that he poses a substantial danger to the victim(s) or the community and (3) no condition or combination of conditions of release could be imposed that would reasonably assure the safety of the victim or the community. *Id.* at 213, ¶ 15, 377 P.3d at 1008. If these findings are not made, meaning the defendant is bondable, the trial court would then need to determine release conditions. *Id.* at 215, ¶ 22, 377 P.3d at 1010.

¶ 4 In July 2016, Sisco filed a motion for bond hearing pursuant to the Court of Appeals's decision in *Miller*. During the subse-

quent bond release hearing, the state informed the trial court that the victims wanted to present impact statements through a representative. The state clarified that it was not offering the victims' statements to meet its burden of proof for the first two requirements mentioned above. Instead, the state wanted the court to consider the victims' statements as part of its determination as to the third requirement: "whether there are any reasonable ... release conditions that would protect the victim or the community" *within the context of the bond release hearing.* The trial court responded that it would consider the victims' views *when determining release conditions,* but would not consider the statements in the context of whether Sisco could be held without bond unless Sisco had the opportunity to cross-examine the victims. Without considering the victims' statements, the court found Sisco bondable. The state subsequently filed a petition for special action.

¶ 5 After the state filed its petition in this court, the Arizona Supreme Court took review of *Miller* and issued its decision in *Simpson II.* Our supreme court agreed with relevant parts of the Court of Appeals decision (i.e., unless charged with a crime that inherently predicts future dangerousness, a defendant is entitled to an additional bail hearing at which the trial court must make a separate finding of dangerousness before denying bail). *Simpson II,* 241 Ariz. at 348–49, ¶¶ 24–30, 387 P.3d at 1277–78. As additionally relevant here, the Court stated that bail hearings "require a full blown adversarial hearing." *Id.* at 346, ¶ 15, 387 P.3d at 1275.

## DISCUSSION

 ¶ 6 Special action jurisdiction is appropriate for issues involving the interpretation of the Victims' Bill of Rights and the Victims' Rights Implementation Act as pure issues of law, issues of first impression, and of public significance, likely to recur, and not susceptible to review on appeal. *See Lincoln v. Holt,* 215 Ariz. 21, 23, ¶ 3, 156 P.3d 438, 440 (App. 2007); *State ex rel. Thomas v. Klein,* 214 Ariz. 205, 207, ¶ 4, 150 P.3d 778, 780 (App. 2007); *State ex rel. Romley v.*

*Superior Court (Cunningham),* 184 Ariz. 409, 410, 909 P.2d 476, 477 (App. 1995). Special action jurisdiction is particularly appropriate in this case because the pretrial rights of the victims will otherwise be lost. *State ex rel. Romley v. Dairman,* 208 Ariz. 484, 486, ¶ 2, 95 P.3d 548, 550 (App. 2004). There is no equally plain, speedy and adequate remedy by appeal. *See State ex rel. Thomas v. Contes,* 216 Ariz. 525, 527, ¶ 5, 169 P.3d 115, 117 (App. 2007). Therefore, we accept special action jurisdiction in this matter.

 ¶ 7 In reviewing the trial court's order in the context of this special action, before granting relief we must find the trial court abused its discretion, or exceeded its jurisdiction or legal authority. *Twin City Fire Ins. Co. v. Burke,* 204 Ariz. 251, 253–54, ¶ 10, 63 P.3d 282, 284–85 (2003). An abuse of discretion finding is appropriate when the record fails to provide substantial support for the trial court's decision. *State v. Cowles,* 207 Ariz. 8, 9, ¶ 3, 82 P.3d 369, 370 (App. 2004). This court reviews questions of statutory interpretation and constitutional law de novo. *Holt,* 215 Ariz. at 23, ¶ 4, 156 P.3d at 440. We conclude the trial court violated the Arizona Constitution and A.R.S. § 13–4422 (2010) when determining Sisco was bondable without considering the victims' impact statements at the bond hearing.

¶ 8 That determinations as to eligibility for bail "require a full blown adversarial hearing" does not resolve the question before us, because victims as witnesses have constitutional protections not available to others. *Simpson v. Owens (Simpson I),* which explicates the quoted proposition by stating "[t]he parties must have the right to examine/cross-examine the witnesses and to review in advance those witnesses' prior statements that are written[,]" does not address victims as witnesses in a bond release hearing. 207 Ariz. 261, 275–76, ¶ 44, 85 P.3d 478, 492–93 (App. 2004).

¶ 9 In Arizona, victims of crimes have the right to be heard at any proceeding involving a post-arrest release determination, such as Sisco's *Simpson II* hearing, pursuant to the Arizona Constitution's Article II, § 2.1 (A) (4) of the Victims' Bill of Rights and A.R.S.

§ 13–4422.[1] In exercising that right, A.R.S. § 13–4426.01 (2010) pronounces that victims are not subject to cross-examination.[2] Nothing in *Simpson II* changes this.

¶ 10 Here, the court's ruling—refusing to consider the victims' statements in its determination of whether Sisco was bondable, unless the victims were subjected to cross-examination—undermines Arizona's constitutional and statutory guarantees giving victims the right to be heard before, *not after* the decision to release on bond has been made, without being forced to testify. *See e.g., Mendez v. Robertson*, 202 Ariz. 128, 130, ¶ 8, 42 P.3d 14, 16 (App. 2002) (rejecting a defendant's "claim that a victim whose rights are protected by the Victims' Bill of Rights and related statutes and procedural rules may be required to testify at a release hearing"). A victim's "right to be heard" is meaningless if it is not tantamount to a right to have the victim's impact statement (including his/her safety concerns) be seriously considered and addressed before the determination of whether a defendant is bondable.

¶ 11 Furthermore, a requirement that a defendant be permitted to cross-examine victims at a *Simpson II* bond hearing would import into such a hearing the procedural and evidentiary strictures typical of jury trials. Our precedent indicates that the use of hearsay is authorized at hearings in determining whether an individual is bondable. *See Simpson I*, 207 Ariz. at 276, ¶ 48, 85 P.3d at 494 (noting that in that kind of bond hearing, the record of grand-jury proceedings—which typically includes hearsay testimony and evidence, and, which would ordinarily be barred in a jury trial—was permissible). Accordingly, victims' statements, despite being hearsay, are permitted and must be considered in a *Simpson II* hearing.

1. Section 13–4422 states that "[a] victim has the right to be heard at any proceeding in which the court considers the post-arrest release of the person accused of committing a criminal offense against the victim or the conditions of that release."

2. The section states:
 In any proceeding in which the victim has the right to be heard pursuant to article II, § 2.1, Constitution of Arizona, or this chapter, *the*

¶ 12 To uphold the protections this state has bestowed on crime victims, we direct the superior court to hold a new hearing wherein it considers the victims' impact statements in undertaking the determination as to whether the state has proven Sisco is not bondable, without subjecting the victims to compulsory cross-examination.

## CONCLUSION

¶ 13 For the foregoing reasons, we accept special action jurisdiction and grant relief to the state by vacating the results of the subject bond release hearing at which the victims' rights were impinged.

*victim's right to be heard is exercised not as a witness*, the victim's statement is not subject to disclosure to the state or the defendant or submission to the court *and the victim is not subject to cross-examination*. The state and the defense shall be afforded the opportunity to explain, support or deny the victim's statement.
(Emphasis added.)