NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAJUAN WILLIAMS, *Plaintiff/Appellant,*

*v.*

ARIZONA DEPARTMENT OF ADMINISTRATION RISK
MANAGEMENT, et. al., D*efendants/Appellees.*

No. 1 CA-CV 17-0286
FILED 5-1-2018

Appeal from the Superior Court in Maricopa County
No. LC2013-000505-001
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Dajuan Williams, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Neil Singh
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1 Dajuan Williams appeals from the superior court's denial of his petition for special action. He argues the superior court abused its discretion when it found the Arizona Department of Corrections ("ADOC"), Arizona Department of Administration and State of Arizona (collectively, "the State") permissibly valued his lost property at $112.63, rather than $266.40. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Williams is an Arizona inmate who claims that ADOC seized and lost several of his personal items, including one pair of shower shoes, one pair of tennis shoes, 10 books and 12 cassette tapes. ADOC agreed to reimburse Williams for the items, but the parties disagreed on the appropriate amount. The State offered $112.63. Williams wanted $266.40.

¶3 Williams sued the State in September 2013. He filed a petition for special action in the superior court, where he requested reimbursement of $266.40 and his legal fees. He insisted the State under-valued the property and argued its reimbursement decision was arbitrary, capricious and violated state administrative policies. He offered no independent evidence to question or determine the replacement value, only pointing to the valuation he reported in his ADOC claim form. He professed to have purchase receipts to substantiate his valuation, but never provided them to the superior court.

¶4 At the outset, the superior court asked the parties if an evidentiary hearing would be required. Williams did not request an evidentiary hearing. He filed a motion for summary judgment. The State moved the court to decline jurisdiction and dismiss the lawsuit. After oral argument, the superior court dismissed the petition as barred under A.R.S. § 31-201.01(L), which generally precludes inmates from seeking damages from the state for injuries suffered while in custody of the state.

¶5          Williams appealed.  This Court vacated the order, holding that A.R.S. § 31-201.01(L) did not apply to Williams' petition, and remanded to the superior court to determine whether special action jurisdiction was otherwise appropriate.  *Williams v. Ariz. Dept. of Admin. et al.*, No. 1 CA-CV 15-0207, 2016 WL 4193914 (Ariz. App. Aug. 9, 2016).

¶6          On remand, the superior court ordered the parties to state in writing "whether this matter may be resolved on written briefs or whether an evidentiary hearing is necessary."  Williams asserted that "no evidentiary hearing is necessary in this case" and assured the court he "submitted and produced all documentation and evidence in support of his claims on the record."  For its part, the State again argued that special action jurisdiction was improper, but if jurisdiction were accepted, "an evidentiary hearing may be the most efficient method to resolve [Williams'] claim."

¶7          Williams filed a brief on October 27, 2016, styled as a "Motion for Summary Judgement [sic]."  He filed no separate statement of facts, but instead placed six facts in the motion itself.  None of them concerned valuation.  Williams offered no facts or evidence to substantiate his valuation of the property and nothing to discredit the State's valuation.  The superior court informed Williams that a summary judgment motion was not technically proper in the special action context.  The court still welcomed his motion, however, and entertained his arguments.  It simply construed the document as his opening brief on the merits.

¶8          The superior court ultimately accepted special action jurisdiction, but found Williams did not carry his burden of proof and denied the petition on the merits.  To begin, the court reiterated that "[n]either oral argument nor an evidentiary hearing is requested" and "[t]he court therefore decides this case on the briefs." The court found that "[b]ased on the evidence presented, the Department's decision regarding which property to compensate [Williams] for and the value of that property was within [ADOC's] discretion." Williams moved for a new trial, to amend the judgment or for additional findings of fact.  The superior court denied the motions on August 15, 2017.  Williams timely appealed.  We have jurisdiction pursuant to Ariz. Const. art. VI, § 9 and A.R.S. §§ 12-2101(A)(1), -120.21(A)(4).

## DISCUSSION

¶9          We review the superior court's decision on the merits of a special action for an abuse of discretion.  *State v. Wein*, 242 Ariz. 372, 374, ¶

7 (App. 2017). The superior court abuses its discretion when the record fails to provide substantial support for the court's decision. Id. We will uphold the denial of a special action petition for any valid reason. *Carrington v. Ariz. Corp. Comm'n*, 199 Ariz. 303, 305, ¶ 6 (App. 2000).

**¶10**      Williams had the burden of proof in the superior court to demonstrate the merits of his special action. Ariz. R. P. Spec. Act. 3(c), State Bar Committee Note ("A plaintiff . . . must always carry the burden of persuasion as to discretionary factors"). He likewise bears the burden here to show an abuse of discretion. *See Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 12 (App. 2014).

**¶11**      Against that backdrop, Williams presented no evidence in the superior court to demonstrate the value of his personal items. He offered no receipts, even though he claimed they exist. In the end, he provided nothing to question or doubt ADOC's assigned valuation. The record thus supports the court's decision. We could affirm on this basis alone.

**¶12**      Williams argues nonetheless he did not need evidence. He argues he "was fully prepared to present all necessary evidence" in an evidentiary hearing, including purchase receipts, but concluded that an evidentiary hearing was not necessary because the State never denied, and thus admitted, his allegations under Rule 8(b)(6), Ariz. R. Civ. P. This argument fails for several reasons. To begin, Williams affirmatively told the superior court that no evidentiary hearing was necessary, even assuring the court that he "ha[d] submitted and produced *all* documentation and evidence in support of his claims on the record." The court expressly relied upon and reiterated his representation in its decision, explaining that "[n]either oral argument nor an evidentiary hearing is requested" and "[t]he court therefore decides this case on the briefs."

**¶13**      Second, Williams never filed a complaint to trigger the requirements of Rule 8(b)(6), Ariz. R. Civ. P. He could and should have filed a complaint under Rule 4(d), Ariz. R. P. Spec. Act., but only filed a petition for special action.[1]

---

[1]      Even when a complaint is filed, the special action rules permit defendants to file an answer or "such other responsive pleadings as may be appropriate." Ariz. R. P. Spec. Act. 4(c). The State moved to dismiss the special action petition on jurisdictional grounds, which represented an appropriate responsive pleading.

¶14          Despite this evidentiary void, Williams argues the superior court abused its discretion for other reasons.  He argues the court erred when it found that ADOC's decision "was within its discretion" because ADOC has no discretion under Department Order 909.09 to determine depreciation.  Williams misreads the decision.  The court never defined or expanded ADOC's discretion in the claims process to subsume the depreciation exercise and never found that ADOC has discretion to calculate depreciation without regard to depreciation schedules.  Based on the record before it, the court merely held that ADOC did not exceed its discretion when it decided "which property" to reimburse for and "the value of that property."

¶15          Williams next argues that the superior court erred when it construed his motion for summary judgment as his opening brief on the merits.  We are not persuaded.  Considered in context, the court acted appropriately by declining to elevate form over substance.  *Valenzuela v. Brown*, 186 Ariz. 105, 108 (App. 1996).  To be clear, the court welcomed and considered all arguments in Williams' motion for summary judgment.  What is more, the court applied the appropriate burden and standard for special actions, which is whether a defendant failed to exercise discretion when so required, acted without or in excess of jurisdiction or legal authority, or acted in a manner that was arbitrary and capricious or an abuse of discretion.  Ariz. R. P. Spec. Act. 3.  In the end, Williams suffered no harm or prejudice from the court's procedural housekeeping.

¶16          Williams next argues the superior court judge was biased.  He provides no support for this serious accusation, however, and an adverse decision is not enough.  *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63, ¶ 29-30 (App. 2010).

¶17          Williams also waived this argument.  Ariz. R. Civ. P. 42.1(d)(1).  At an early hearing, the superior court judge informed Williams that he had previously worked with defense counsel, did not view the relationship as "grounds for recusal," but made "the disclosure in the event [Williams] wants to exercise his right to a notice of change of judge." The judge directed Williams to object and request a new judge within 24 days, if so inclined, or "any argument of bias will be waived."  Williams neither objected nor moved for a new judge.

¶18          Williams further argues he was deprived of due process because he never received the State's response to his post-decision motions for new trial, amended judgment and additional fact findings. The State, however, properly served the response via regular mail to Williams' last

known address; indeed, the very address identified on the face of Williams' motion. Ariz. R. Civ. P. 5(c)(2)(C). The date and manner of service are indicated with a certificate of service on the motion's final page in accordance with Ariz. R. Civ. P. 5(c)(3). Even assuming Williams did not receive the State's response, he received many chances to craft and present his arguments to the superior court during this multi-year lawsuit. He seized every chance and thus fails to show any prejudice.

**CONCLUSION**

**¶19** For the foregoing reasons, the superior court properly denied the petition for special action. We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA