CATTANI, Judge:
¶ 1 The State of Arizona has charged real party in interest Derek Achenbach with one *583 count of child molestation and two counts of sexual abuse, alleging that he committed these offenses against Z.W. In this special action proceeding, Z.W. challenges the superior court's ruling denying her request to preclude reference to her as the "alleged victim." She argues that allowing defense counsel to refer to her in that manner, rather than simply as the "victim," necessarily violates her statutory and constitutional rights under Arizona's Victims' Bill of Rights.
¶ 2 We accept jurisdiction because Z.W. has no adequate remedy by appeal to cure an asserted violation of her pretrial rights. See Ariz. R.P. Spec. Act. 1(a) ; State v. Wein , 242 Ariz. 372, 374, ¶ 6, 396 P.3d 608, 610 (App. 2017). We conclude, however, that the constitutional protections afforded crime victims do not mandate that a specific term be used in referring to victims during court proceedings. Instead, the superior court retains discretion to address-on a case-by-case basis-whether using a particular term to refer to a victim violates the victim's right to be treated with respect and dignity. Accordingly, and for reasons that follow, we deny relief.
¶ 3 Arizona's Victims' Bill of Rights secures crime victims' rights to justice and due process throughout criminal proceedings. Ariz. Const. art. 2, § 2.1 (A); Ariz. Rev. Stat. ("A.R.S.") §§ 13-4401 to -4442. These important rights attach when a defendant is arrested or formally charged, and continue during trial and through the final disposition of the charges. A.R.S. § 13-4402(A) ; State ex rel. Romley v. Dairman , 208 Ariz. 484, 490, ¶ 20, 95 P.3d 548, 554 (App. 2004).
¶ 4 As Z.W. acknowledges, the Victims' Bill of Rights does not specify how a victim should be referred to in court proceedings, and it does not explicitly prohibit the use of the term "alleged victim." See Ariz. Const. art. 2, § 2.1 (A)(1)-(12). Nevertheless, Z.W. asserts that because the Victims' Bill of Rights only uses the term "victim" to refer to the crime victim, there is an implicit right to be referred to as such throughout the proceedings. But in context, the use of the term "victim" in the Victim's Bill of Rights simply confers unequivocally the status of victim and all its attendant rights to those defined as crime victims; the use of that term does not require that any particular appellation be used in referencing a victim in court proceedings. Moreover, we note that the Victims' Bill of Rights defines the word victim to include not only the "person against whom the criminal offense has been committed," but also that person's "spouse, parent, child or other lawful representative" if that person is killed or incapacitated. Ariz. Const. art. 2, § 2.1 (C). Interpreting the Victims' Bill of Rights as Z.W. urges to require that all victims be referred to as they are in the constitutional provision would be confusing and impractical in court proceedings. Thus, we do not read the language of the constitutional provision to require that a specific appellation be used.
¶ 5 Notwithstanding the absence of an explicit or implicit right to be referred to in any particular manner, the Victims' Bill of Rights confirms that every crime victim in Arizona has the right to be treated throughout the criminal justice process with "fairness, respect, and dignity, and to be free from intimidation, harassment, or abuse." Ariz. Const. art. 2, § 2.1 (A)(1). Z.W. argues that the term "alleged victim" necessarily (and as a matter of law) violates this right because it calls into question whether a crime was committed and whether someone is in fact a victim. But the term "alleged victim" simply reflects the procedural posture of a case such as this in which the defendant disputes that any crime occurred. Although "alleged victim" connotes some degree of uncertainty as to whether a crime occurred, until a defendant has been convicted of a charged offense, the case involves an alleged criminal act against an alleged victim. Characterizing the proceedings in this manner thus accurately conveys the procedural posture of the case and does not inherently violate a victim's right to be treated with fairness, respect, and dignity.
¶ 6 Z.W. also asserts that the term "alleged victim" improperly suggests she is untrustworthy. But the use of that term is not a comment on the victim's credibility, just as the use of the term "defendant" or-a more apt comparison-"alleged perpetrator" is not a comment on a defendant's credibility. Instead, such a reference simply avoids prejudging and reserves judgment on credibility issues, which are for the jury alone to decide.
*584 ¶ 7 That is not to say that using the term "alleged victim" is always appropriate. Rather, the superior court retains discretion to assess-on a case-by-case basis-whether a particular reference to a victim undermines the victim's right to be treated with fairness, respect, and dignity under the particular circumstances presented. When, for example, the proceedings involve circumstances in which there is no question that a crime has been perpetrated on the victim, and the defendant has only challenged who committed the crime, the superior court could reasonably conclude that referring to the crime victim as an "alleged victim" would mischaracterize the nature of the proceedings and be disrespectful to the victim. But in circumstances such as those presented here, where the core issue in dispute is whether any crime occurred, the superior court does not abuse its discretion by accurately conveying the nature of the proceedings, and by weighing the victim's request to be referred to in a specific way against the defendant's right to have the court reserve judgment on credibility issues. See State v. Bible , 175 Ariz. 549, 602-03, 858 P.2d 1152, 1205-06 (1993) (the court must balance the victim's rights against those of the defendant if the victim's rights conflict with the defendant's right to a fair trial); see also State ex rel. Romley v. Superior Court (Roper ), 172 Ariz. 232, 236, 836 P.2d 445, 449 (App. 1992) (noting that "when the defendant's constitutional right to due process conflicts with the Victim's Bill of Rights in a direct manner ... then due process is the superior right"). Accordingly, the superior court did not abuse its discretion by denying Z.W.'s motion to preclude use of the term "alleged victim" on the basis that "nothing gives the victim the right to say a crime has been committed as a matter of law."
¶ 8 The question of whether using the term "alleged victim" necessarily violates a victim's rights is an issue of first impression in Arizona. But courts in other jurisdictions that have addressed similar arguments have likewise concluded that trial courts should have flexibility in determining how to refer to crime victims during criminal proceedings. See Jackson v. State , 600 A.2d 21, 24 (Del. 1991) ("The term 'victim' is used appropriately during trial when there is no doubt that a crime was committed and simply the identity of the perpetrator is in issue. We agree with defendant that the word 'victim' should not be used in a case where the commission of a crime is in dispute."); Veteto v. State , 8 S.W.3d 805, 816 (Tex. Ct. App. 2000) ("The sole issue of [the defendant's] case was whether he committed the various assaults on [the child]. Referring to [the child] as the victim instead of the alleged victim lends credence to her testimony that the assaults occurred and that she was, indeed, a victim."), abrogated in part on other grounds by State v. Crook , 248 S.W.3d 172 (Tex. Crim. App. 2008). We are unaware of any decisions that have reached a contrary conclusion.
¶ 9 Finally, we note that our holding that the superior court does not abuse its discretion by permitting reference to an "alleged victim" in a case such as this does not obviate the need to consider the victim's right to be referred to in a respectful manner. If, as Z.W. posits, a defendant refers to a victim-whether as "the victim" or "the alleged victim"-with a sarcastic or insulting intonation, the superior court is empowered to prohibit such intonation as disrespectful. Moreover, if a victim requests that a particular name or part of a name be used or not be used when being referenced in court proceedings, great deference should be accorded to the victim's wishes. And nothing prevents the prosecutor from complying with a victim's request to be referred to by name rather than as "the victim." In short, although the court maintains discretion in determining how to reference a crime victim in court proceedings, the victim maintains the right to be treated with fairness, respect, and dignity.
CONCLUSION
¶ 10 Based on the foregoing, we accept jurisdiction but deny relief.