BEENE, Judge, dissenting:
¶ 11 The Arizona Constitution, through the Victims' Bill of Rights and the Victims' Rights Implementation Act, affords the designation of "victim" to all individuals against whom a crime has allegedly been committed, *585 at all stages of a criminal proceeding. Because I do not agree with the majority's conclusion that referring to Z.W. as an "alleged victim" is appropriate as a matter of law, I respectfully dissent.
¶ 12 Crime victims' rights in Arizona are protected by our constitution, by statute, and by court rule. In 1990, Arizona voters approved an amendment to the state constitution, the Victims' Bill of Rights, which gives crime victims a panoply of rights. The year following the adoption of the Victims' Bill of Rights, the legislature enacted the Victims' Rights Implementation Act, Arizona Revised Statutes ("A.R.S.") sections 13-4401 to -4437. 1991 Ariz. Sess. Laws, ch. 229, §§ 1, 7. The Victims' Bill of Rights and the Victims' Rights Implementation Act define "[v]ictim" as "a person against whom the criminal offense has been committed[.]" Ariz. Const. art. 2, § 2.1 (C); A.R.S. § 13-4401(19).
¶ 13 In addition to defining "victim," the legislature set forth that "the rights and duties that are established by this chapter [victims' rights] arise on the arrest or formal charging of the person or persons who are alleged to be responsible for a criminal offense against a victim ... [and] continue to be enforceable ... until the final disposition of the charges[.]" A.R.S. § 13-4402(A). Accordingly, we have concluded that "[v]ictims' rights accrue at the time of arrest or formal charge of the alleged incident and take root as the criminal proceedings progress." State ex rel. Romley v. Dairman , 208 Ariz. 484, 490, ¶ 20, 95 P.3d 548, 554 (App. 2004) (emphasis added); see, e.g., A.R.S. § 13-4405 (requiring law enforcement to notify victim of rights and services); A.R.S § 13-4406 (requiring notification to victim of defendant's initial appearance); A.R.S. § 13-4408 (requiring prosecutor to inform victim of rights); A.R.S. § 13-4420 (granting victim to be present at all proceedings in which defendant has a right to be present); A.R.S. § 13-4421 (granting victim right to be heard at defendant's initial appearance); A.R.S. § 13-4422 (granting victim right to be hearing at any hearing involving post-arrest release of defendant); A.R.S. § 13-4423 (granting victim right to be heard at any plea negotiation proceeding).
¶ 14 Because a person against whom a crime has allegedly been committed is afforded several, substantive pre-trial rights pursuant to Arizona law, logic dictates this individual is a "victim" and should be referred to as such. See Knapp v. Martone , 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992) ("It is important to emphasize that Arizona courts must follow and apply the plain language of this new amendment [Victims' Bill of Rights] to our constitution."); Bilke v. State , 206 Ariz. 462, 464, ¶ 11, 80 P.3d 269, 271 (2003) (in matters of statutory construction, court must assign to each word its "usual and commonly understood meaning unless the legislature clearly intended" otherwise) (citation omitted). Based upon the language used in the Victims' Bill of Rights and Victims' Rights Implementation Act, I conclude that the legislature intended courts to refer to individuals such as Z.W. as a "victim," even during the pre-trial phase of a criminal proceeding, and the superior court abused its discretion in finding to the contrary.
¶ 15 Deciding that Z.W. has the right to be referred to as a "victim" throughout the criminal proceeding, however, does not end our inquiry. We have previously held that "in some cases some victims' rights may be required to give way to a defendant's federal constitutional rights." State ex rel. Romley v. Hutt , 195 Ariz. 256, 259, ¶ 7, 987 P.2d 218, 221 (App. 1999). For this to occur, there must be a showing that a defendant's due process rights conflict with and override the victim's rights. See State v. Connor , 215 Ariz. 553, 558, ¶¶ 10, 11, 161 P.3d 596, 601 (App. 2007). In the instant case, however, no such showing was made. While the superior court found that requiring Z.W. to be referred to as a "victim" throughout the proceeding would "abridge" Achenbach's "right to a complete defense and his presumption of innocence," nothing in the record supports this conclusion. The superior court's speculative finding that Achenbach's constitutional rights are in jeopardy does not supplant Z.W.'s victims' rights and the concomitant obligation to refer to her as a "victim."[1]
*586 ¶ 16 Moreover, applying this appellation to Z.W. would in no way impede Achenbach from asserting a full and complete defense at trial. In fact, at two critical points in the trial-before the presentation of evidence and at the conclusion of the case-the jurors are informed of Achenbach's incontrovertible due process rights. At the beginning of the proceeding, the jury would be advised that Achenbach has a constitutional right not to testify at trial and the exercise of that right cannot be considered in determining whether he is guilty or not guilty.[2] The jurors would also be told Achenbach is presumed by law to be innocent, that they could not think he is guilty because he has been charged with a crime, and that his plea of "not guilty" means that the State has the burden of proving each element of the charged crime against him beyond a reasonable doubt.[3] Then, after the presentation of evidence, and before their deliberations, jurors would be instructed yet again regarding Achenbach's due process rights.[4] In short, requiring the parties to refer to Z.W. as a "victim," in accordance with Arizona law, would not violate Achenbach's due process trial rights. Accordingly, I would accept jurisdiction of Z.W.'s petition and grant the requested relief.

Although for the reasons stated above I conclude that Z.W. has a right to be referred to as a "victim," I do not believe that she must be referred to as a "victim." Defense counsel could call Z.W. by her name if desired, however, it would contravene Arizona law to refer to her as an "alleged victim."

Revised Arizona Jury Instructions Preliminary Criminal 18, (4th ed. 2016).

Revised Arizona Jury Instructions Preliminary Criminal 20 and 22, (4th ed. 2016).

Revised Arizona Jury Instructions Standard 5(a), 5(b)(1), and 15 (4th ed. 2016).