*988 P.2d 1119*

**The STATE of Arizona, Respondent,**

v.

**Kevin Charles RAZO, Petitioner.**

**No. 2 CA–CR 99–0017–PR.**

Court of Appeals of Arizona,
Division 2, Department B.

Oct. 21, 1999.

Susan A. Kettlewell, Pima County Public Defender By Brian X. Metcalf, Tucson, Attorneys for Petitioner.

*OPINION*

BRAMMER, Presiding Judge.

¶ 1 Charged by indictment with eighteen felony counts, petitioner pled guilty to aggravated assault with a deadly weapon, a dangerous, class three felony, and drive-by shooting, a dangerous, class two felony. He was sentenced to concurrent, aggravated terms of imprisonment of eight and 11.5 years, to be followed by a term of community supervision of one day for every seven days of the sentences imposed. Petitioner filed a petition for post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S., contending that A.R.S. § 13–603(J) requires the period of community supervision to be expressed in terms of months or years rather than days. This petition for review followed the trial court's summary dismissal of the petition. We review a trial court's denial of post-conviction relief only for an abuse of discretion. *State v. Schrock,* 149 Ariz. 433, 719 P.2d 1049 (1986).

¶ 2 Section 13–603(I) and (J) provide:

I. If a person is convicted of a felony offense and the court sentences the person to a term of imprisonment, the court at the time of sentencing shall impose on the convicted person a term of community supervision. The term of community supervision shall be served consecutively to the actual period of imprisonment if the person signs and agrees to abide by conditions of supervision established by the state department of corrections. Except pursuant to subsection J, the term of community supervision imposed by the court shall be for a period equal to one day for every seven days of the sentence or sentences imposed.

J. The court shall round the term of community supervision imposed pursuant to subsection I. A term of community supervision shall only be given in increments of years or months. In calculating the term of community supervision, all fractions of the month may be increased or

decreased to the nearest month, except for a class 5 or 6 felony which shall not be less than one month.

¶ 3 Our objective in interpreting a statute is to give effect to the legislative intent behind the statute and, when possible, to harmonize all its sections. *Epstein v. Industrial Comm'n,* 154 Ariz. 189, 741 P.2d 322 (App.1987). "When a statute's words do not disclose legislative intent, the court must read the statute as a whole, and give meaningful operation to all of its provisions." *Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991). We must endeavor to interpret different sections of the same statute consistently, *id.,* and to construe apparently conflicting statutes in a way that gives effect to all. *Lemons v. Superior Court,* 141 Ariz. 502, 687 P.2d 1257 (1984).

¶ 4 Applying those principles to § 13–603(I) and (J), we find that subsection I provides the means of calculating the length of the term of community supervision, while subsection J describes how the resulting calculation shall be expressed. We conclude that petitioner is entitled to the requested relief. Therefore, we order his sentence modified to reflect that he shall serve, consecutively to his terms of imprisonment, fourteen months for his eight-year sentence and twenty months for his 11.5–year sentence under the supervision of the community supervision program.

¶ 5 We grant the petition for review and grant relief.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, and JOSEPH W. HOWARD, Judge.