82 P.3d 369

**STATE of Arizona, Plaintiff–Appellant,**

v.

**Mark W. COWLES, Defendant–Appellee.**

**No. 1 CA–HC 02–0013.**

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 8, 2004.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Susanna C. Pineda, Assistant Attorney General, Phoenix, Attorneys for Appellant.

Mark W. Cowles, Yuma, Appellee, In Propria Persona.

## OPINION

PORTLEY, Judge.

¶ 1 The State of Arizona appeals the trial court's order releasing Mark W. Cowles from

the custody of the Arizona Department of Corrections ("ADOC") pursuant to a writ of habeas corpus.

## BACKGROUND

¶ 2 In July of 2002, Cowles, an inmate at the Arizona State Prison Complex in Florence, brought the underlying habeas corpus proceeding in the Navajo County Superior Court questioning ADOC's calculation of his community supervision period.[1] The issue before the trial court was whether he had served his community supervision period on an earlier conviction while incarcerated on a subsequent conviction. After determining that there was no controlling statutory authority, the trial court concluded that the community supervision period on the earlier conviction expired during Cowles' incarceration on the subsequent conviction and ordered Cowles' release from incarceration. Claiming error, the State appeals. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003) and 13–4032(4) (2001).

## DISCUSSION

¶ 3 The decision whether to issue a writ of habeas corpus is entrusted to the sound discretion of the trial court, and we will not disturb the trial court's decision unless we see an abuse of that discretion. *Long v. Ariz. Bd. of Pardons & Parole,* 180 Ariz. 490, 492, 885 P.2d 178, 180 (App.1994). "Generally, a court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision." *Files v. Bernal,* 200 Ariz. 64, 65, ¶ 2, 22 P.3d 57, 58 (App.2001). Statutory interpretation is subject to our de novo review. *Foster v. Anable,* 199 Ariz. 489, 491, ¶ 5, 19 P.3d 630, 632 (App.2001).

¶ 4 Cowles was sentenced in Maricopa County Superior Court to three and one-half years imprisonment for a class 3 felony on May 20, 1996.[2] He was also ordered to "serve one day for every seven days of the sentence imposed under the supervision of the Community Supervision Program, to be served consecutively to the actual period of imprisonment." *See* A.R.S. § 13–603(I) (Supp.2003).[3] According to the ADOC calculations, the community supervision term was six months. A.R.S. § 13–603(J); *State v. Razo,* 195 Ariz. 393, 394, ¶ 4, 988 P.2d 1119, 1120 (App.1999) (holding that the period of community supervision must be expressed in terms of months or years rather than days).

¶ 5 While incarcerated, Cowles was indicted for promoting prison contraband. Under a plea agreement, he pled guilty to a lesser-included offense, a class 3 felony, and was sentenced in Navajo County Superior Court to two and one-half years imprisonment. The sentence was consecutive to the Maricopa County sentences. He was also ordered to serve four months of community supervision "immediately consecutive to the prison term."

¶ 6 On March 14, 2001, ninety days before the expiration of his Navajo County prison sentence, Cowles was placed on early release to begin his community supervision. *See* A.R.S. § 31–233(B) (2002) ("[T]he director [of ADOC] may also authorize . . . temporary release of any inmate . . . for purposes preparatory to a return to the community within ninety days of the inmate's release date[.]"). The next day, March 15, 2001, Cowles absconded from supervision. On January 16, 2002, he was arrested in Oregon. The Board of Executive Clemency revoked his community supervision on April 8, 2002. On October 11, 2002, while the petition for habeas corpus was pending, the trial court released Cowles on an unsecured bond. Eighteen days later, the trial court, in its decision and order,

---

1. He wrote a letter to the Clerk of the Navajo County Superior Court alleging that the time remaining on his sentence was incorrectly calculated. The letter was designated as a petition for habeas corpus.

2. He also received other concurrent sentences. However, this was the longest sentence imposed.

3. Since Cowles' conviction in Maricopa County, section 13–603 has been amended. *See* 1997 Ariz. Sess. Laws, ch. 56, § 1; 2001 Ariz. Sess. Laws, ch. 334, § 6. We refer to the current version because the amendments did not substantially change the portions relevant to this opinion.

found that Cowles had completed both sentences before his release on bond and granted the writ of habeas corpus.

¶ 7 On appeal, the State argues that the trial court by granting habeas corpus relief "in essence eliminated the community-supervision term from the [Maricopa] sentence[.]" The State maintains that the trial court's decision was contrary to law. In turn, the State contends that "Cowles must be returned to ADOC's custody to serve the remainder of his community supervision term."

¶ 8 "Community supervision" is defined in A.R.S. § 13–105(4) (2001) to mean "that portion of a felony sentence imposed by the court pursuant to § 13–603, subsection I and served in the community after completing a period of imprisonment or served in prison in accordance with § 41–1604.07." Section 13–603(I), in relevant part, provides:

> If a person is convicted of a felony offense and the court sentences the person to a term of imprisonment, the court at the time of sentencing shall impose on the convicted person a term of community supervision. The term of community supervision shall be served consecutively to the actual period of imprisonment if the person signs and agrees to abide by conditions of supervision established by the state department of corrections.

And under section 41–1604.07(F) (Supp.2003), the term of community supervision is served in prison only "[i]f the prisoner refuses to sign and agree to abide by the conditions of release[.]"

¶ 9 Community supervision is not equivalent to imprisonment. *State v. Uriarte*, 194 Ariz. 275, 280, ¶ 28, 981 P.2d 575, 580 (App.1998). "The first sentence of section 13–603(I) makes the contrast clear by specifying that the term of community supervision follows the term of imprisonment. Section 105(4) reinforces the distinction, specifying that the term of community supervision may be served 'after completing a period of imprisonment.' " *Id.*

¶ 10 In this matter, Cowles did not refuse to sign and abide by the release conditions and was released on March 14, 2001. At the time of his release, the term of community supervision totaled ten months, plus the ninety days of early release time. *See* A.R.S. § 31–233(C) (providing that the early release time must be added to the inmate's term of community supervision). He served one day of community supervision and absconded the following day, March 15, 2001. During his absconder status, the term of community supervision was tolled. *See* A.R.S. § 41–1604.07(H) ("If a prisoner absconds from community supervision, any time spent before the prisoner is returned to custody is excluded in calculating the remaining period of community supervision.").

¶ 11 Following his arrest on January 16, 2002, the Board of Executive Clemency revoked the community supervision and returned Cowles to custody for the remaining term of his community supervision. *See* A.R.S. § 31–402(C)(5)(a) (2002). He should have remained incarcerated until February 13, 2003. Therefore, we conclude that the trial court erroneously found that Cowles had completed his sentences prior to his release on October 11, 2002. To the contrary, he had 153 days remaining on his term.

¶ 12 In its decision and order, the trial court found A.R.S. §§ 13–603(K) and 13–709 inapplicable and determined that there was no statutory law indicating when the community supervision sentence in the Maricopa County conviction began. We agree with the trial court to a limited extent. We agree that §§ 13–603(K) and 13–709 are not controlling. Section 13–603(K) concerns probation and Cowles was not placed on probation. Section 13–709 (2001) deals with the calculation of terms of imprisonment, and "community supervision is not equivalent to imprisonment." *Uriarte*, 194 Ariz. at 280, ¶ 28, 981 P.2d at 580.

¶ 13 The controlling provisions are A.R.S. §§ 13–105(4), 13–603(I) and 41–1604.07(F). The plain language of A.R.S. § 13–105(4), read in conjunction with the related statutes, indicates that Cowles' community supervision term for the Maricopa County conviction could not have been served while he was incarcerated for the Navajo County conviction. Instead, the community supervision

terms began after he was released from ADOC.

¶ 14 We also reject the court's alternative basis which relied on A.R.S. § 13–708 (2001).[4] Namely, the court held that "if the law were to permit the community supervision sentence in the Maricopa County case to be delayed until the defendant completed his prison sentence in the Navajo County case, the community supervision periods on the two (2) sentences would have been served consecutively because the Court did not 'direct otherwise'." This holding fails to recognize that "community supervision is part of the sentence imposed." Ariz. R.Crim. P. 26.1(b) ("The term sentence means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty."); *State v. Jenkins,* 193 Ariz. 115, 120, ¶ 18, 970 P.2d 947, 952 (App.1998). Community supervision is simply a part of the sentence that has to be served in the community after completion of a period of imprisonment or served in prison if there is a refusal to sign and abide by the release conditions.

## CONCLUSION

¶ 15 For the reasons set forth above, we vacate the writ and release order issued by the trial court. The matter is remanded to the trial court for further proceedings consistent with this opinion.

CONCURRING: JAMES B. SULT, Presiding Judge and G. MURRAY SNOW, Judge.

---

4. Section 13–708, in part, provides that "when a person who is subject to any undischarged term of imprisonment imposed at a previous time is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run consecutively unless the court expressly directs otherwise[.]"