NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

BRENDON MICHAEL WOLLENBERG, *Respondent*.

No. 1 CA-CR 18-0446 PRPC
FILED 2-28-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2015-112979-002
The Honorable Christopher A. Coury, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Petitioner*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Respondent*

---

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Jon W. Thompson joined.

---

**S W A N N**, Judge:

¶1　　　　The state petitions this court for review of the superior court's order granting post-conviction relief to Brendon Michael Wollenberg. For reasons that follow, we grant review and grant relief.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　Wollenberg was charged with possession of dangerous drugs in 2015. His criminal record indicates that he had two historical priors and was on probation at the time of the offense, exposing him to a potential sentence of 10 to 15 years' imprisonment. Before his preliminary hearing, the state offered not to allege his prior felonies and probation status if he pleaded guilty, making his sentencing range 1 to 3.75 years' imprisonment. He did not immediately accept that offer. His attorney sought his mental health documentation to include in a future request for a more lenient plea offer. But because obtaining that documentation required a substantial amount of time, Wollenberg and the state agreed that the limited period before the preliminary hearing was not the appropriate time to resolve the case. Wollenberg then waived his right to a preliminary hearing. The state never provided Wollenberg the same plea offer, and later extended him a harsher plea offer. Wollenberg eventually pleaded guilty and was sentenced to 6 years' imprisonment.

¶3　　　　In his petition for post-conviction relief, Wollenberg claimed that his counsel ineffectively assisted him by failing to advise him that the initial plea offer may not be available after he waived his right to a preliminary hearing. He also argued that the state breached its contractual duty of good faith and fair dealing by refusing to re-extend the initial offer. The superior court set an evidentiary hearing. After receiving testimony, the court granted relief, agreeing that the state had breached the implied contractual duty of good faith and fair dealing. The court further found that, "if the Court is mistaken, and the State *did not* violate the duty of good faith and fair dealing," then Wollenberg's counsel had failed to provide effective assistance by advising him to waive the preliminary hearing

without clarifying that the state may not provide him another chance to sign the initial plea offer. As a remedy, the court referred to the terms of the initial plea offer, and sentenced Wollenberg to 3 years' imprisonment. The state petitions for review.

**DISCUSSION**

**¶4**      We will not disturb a superior court's ruling on a petition for post-conviction relief unless the court abused its discretion. *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). A court abuses its discretion if it commits an error of law or the record fails to provide substantial support for its decision. *State v. Cowles*, 207 Ariz. 8, 9, ¶ 3 (App. 2004). We hold that the record does not substantially support the court's decision.

I.      INSUFFICIENT EVIDENCE SUPPORTS FINDING AN ENFORCEABLE CONTRACT BETWEEN WOLLENBERG AND THE STATE.

**¶5**      We first address the court's ruling that the state violated a contractual duty of good faith and fair dealing. As a preliminary matter, Wollenberg waived this ground for relief by subsequently knowingly and voluntarily accepting a harsher plea offer. A valid plea waives any challenge to non-jurisdictional defects, including constitutional deprivations, in the superior court proceedings. *State v. Chavez*, 243 Ariz. 313, 318, ¶ 14 (App. 2017). Wollenberg does not challenge the validity of the later plea agreement.

**¶6**      Even if we determine that Wollenberg has not waived the claim and we assume that contract principles can be applied in this case, the state had no contractual duty because there is insubstantial evidence that the parties ever reached an enforceable agreement. *See Coy v. Fields*, 200 Ariz. 442, 445, ¶ 9 (App. 2001) (applying contract principles to a criminal plea agreement). According to the superior court's ruling, Wollenberg agreed not to require the state to obtain a finding of probable cause and, in exchange, the state agreed to re-extend the initial offer. The record does not show that such an agreement existed.

**¶7**      During Wollenberg's hearing on his waiver of a preliminary hearing in 2015, the court, the state, Wollenberg, and Wollenberg's defense attorney had the following discussion:

> THE STATE: By waiving his probable cause determination, Mr. Wollenberg is effectively rejecting this plea offer. Any future offer may be substantially harsher.

. . .

> DEFENSE ATTORNEY: Your Honor, just for the record, in this case, I just want to make it clear that I had a discussion with the assigned county attorney in this case. And . . . we've essentially agreed that it's really not the appropriate forum to resolve this case down in RCC and EDC.
>
> And while he is affirming -- he is straight waiving his preliminary hearing in this case, it is not in essence, a rejection of the plea agreement, but in fact, I believe we're simply not able, at this point, to reasonably assess . . . what his success or weaknesses would be at trial because we don't know, really, what the big picture is with regard to his treatment and mental health needs in this case.
>
> So while I recognize that they are not leaving the offer open in this case, they are aware of the situation, and have essentially agreed that this is the best way to resolve things.
>
> THE STATE: That's accurate, Judge.
>
> THE COURT: Mr. Wollenberg, do you understand all of that information?
>
> THE DEFENDANT: Yes.

But this vague allusion to an agreement, without any evidence as to what terms the parties had "essentially agreed" to, is not substantial evidence of an enforceable agreement. It is clear that Wollenberg agreed to waive the preliminary hearing, but there is nothing in the foregoing dialogue to suggest that the state promised to re-extend the initial offer, or do anything in particular, as consideration for Wollenberg's waiver. *See Johnson v. Earnhardt's Gilbert Dodge, Inc.*, 212 Ariz. 381, 384, ¶ 10 (2006) ("A contract is 'a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.'") (internal citation omitted); *Hill-Shafer P'ship v. Chilson Family Tr.*, 165 Ariz. 469, 473 (1990) (explaining that an agreement is not enforceable if its material terms are not certain).

¶8        Both parties signed the waiver of preliminary hearing form, which does not indicate that the state would re-extend the initial plea offer. When the superior court processed the form, the state informed Wollenberg in open court that any future plea offer "may be substantially harsher," and Wollenberg's attorney explicitly recognized that the state would not keep

the offer open.  The state's attorney memorialized this understanding in personal notes.  Neither the terms of the waiver of preliminary hearing form nor any external evidence indicates that the state promised Wollenberg that it would re-extend the initial offer, or do anything in particular, in exchange for Wollenberg's waiver.  Accordingly, insubstantial evidence supports the court's conclusion that the state owed Wollenberg a contractual duty.

II.      WOLLENBERG WAS NOT PREJUDICED BY HIS ATTORNEY'S PERFORMANCE.

¶9        We next consider the superior court's ruling that Wollenberg received ineffective assistance of counsel.  To obtain relief for ineffective assistance of counsel, Wollenberg's counsel must have performed deficiently and the deficient performance must have prejudiced him.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This court is not required to consider both prongs of the *Strickland* test "if the defendant makes an insufficient showing on one."  *State v. Pandeli*, 242 Ariz. 175, 181, ¶ 6 (2017).  We focus our analysis on the superior court's implicit conclusion that Wollenberg was prejudiced by his attorney's failure to clarify that the initial offer may not be re-extended.

¶10       Wollenberg testified at the PCR evidentiary hearing that he would have taken the initial offer but did not because he wanted his attorney to investigate his mental health issues as a basis for a mitigated sentence.  He believed that he would still be able to accept the initial plea offer after his attorney had time to gather his mental health documentation, though he acknowledged that his attorney never explicitly told him as much.  Wollenberg's testimony conflicts with that of his attorney on the issue of whether his attorney informed him that he may not have another opportunity to accept the initial offer.  Wollenberg also testified that he believed that the state's assertion that a future plea offer may be substantially harsher was just "ritualistic" and "didn't pertain to [him]."  And when his attorney interjected by explaining that his waiver was "not in essence, a rejection of the plea offer," Wollenberg believed that the state's assertion about future plea offers was overridden.

¶11       Any misleading, or lack of, information during private communications between Wollenberg and his attorney did not prejudice Wollenberg because he received superseding information in open court—from multiple sources, including his own attorney—that the state had not promised to re-extend the initial offer.  Most importantly, during the hearing regarding his waiver form, he was present when the state indicated—in no uncertain terms—that any future plea offer "may be

substantially harsher." The form, which Wollenberg signed, contained no indication he would receive the offer again. His attorney acknowledged on the record that the offer would not remain open. The court asked Wollenberg if he understood that information and he answered affirmatively. Having received this information, he still wished to waive the preliminary hearing. Therefore, even if his attorney led him to his misunderstanding, he nevertheless heard in the courtroom that the state may not make the same offer and that any future offer may be harsher. We find no prejudice.

**CONCLUSION**

¶12      For the foregoing reasons, we grant review, grant relief, and remand for proceedings consistent with this decision.

