NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GABRIEL MAURICAO GARCIA, *Petitioner*.

No. 1 CA-CR 19-0359 PRPC
FILED 4-30-2020

Appeal from the Superior Court in Maricopa County
No. CR1996-000100
The Honorable John R. Doody, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Gabriel Garcia, Kingman
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

**T H U M M A**, Judge:

**¶1** Gabriel Mauricao Garcia petitions this court for review of the superior court's order summarily dismissing his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32 (2020).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Because Garcia has shown no such error, this court grants review but denies relief.

**¶2** In January 1997, Garcia pled guilty to molestation of a child, a Class 2 felony and dangerous crime against children, as well as two counts of attempted child molestation, Class 3 felonies and dangerous crimes against children. Garcia was sentenced to a 17-year prison term on the molestation conviction and placed on lifetime probation (later reduced to five years of probation) on the attempt convictions, to start upon the absolute discharge of his prison term. Garcia's probation grants began in September 2013.

**¶3** In March 2017, his probation officer filed a petition to revoke alleging several violations of his probation grant. Garcia admitted to violating probation in May 2017, and he was reinstated on probation through October 2018.

**¶4** In September 2017, his probation officer filed another petition to revoke. In October 2017, after a proper plea colloquy, including being advised that he could be sentenced for up to 10 years in prison, Garcia "knowing[ly], intelligent[ly], and voluntar[ily]" admitted that he had violated his probation grants.

**¶5** At the disposition hearing held later in October 2017, the court revoked Garcia's probation, and after weighing the mitigating and aggravating circumstances, sentenced him to concurrent, presumptive 10-year prison terms for the attempt convictions. Before doing so, the court stated it considered Garcia's age when he committed the offenses and that he had not committed similar crimes as mitigating circumstances and, as aggravating circumstances, the harm to the victims, age of the victims, and that Garcia was in a position of trust.

---

[1]Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶6            In September 2018, Garcia timely sought post-conviction relief, claiming ineffective assistance of counsel resulting in: (1) a violation of his 6th Amendment right to a jury determination regarding aggravating circumstances, and (2) a lack of adequate notice of the aggravating circumstances relied upon by the court. The superior court summarily dismissed the petition, finding that "[t]he court has no reason to believe that the result would have been more favorable to the defendant even if defense counsel's alleged errors had been cured in the manner alleged in the defendant's Rule 32 petition." This timely petition for review followed.

¶7            Garcia bears the burden of establishing error of law or an abuse of discretion. *See State v. Cowles*, 207 Ariz. 8, 9 ¶ 3 (App. 2004). Garcia has failed to meet this burden. In his October 1996 plea, Garcia waived his right to a jury trial and was informed that he could be sentenced to up to 10 years on the attempt counts. The plea was made knowingly, voluntarily and intelligently, and Garcia has provided no grounds to challenge that plea.

¶8            Similarly, Garcia was sentenced to presumptive prison terms, not terms greater than presumptive, a fact his arguments do not appear to acknowledge. Because the presumptive sentences were within the statutory range, and Garcia waived his jury trial rights, he has shown no error of law or abuse of discretion, lack of constitutionally required notice or ineffective assistance of counsel.

¶9            Garcia takes issue with the court's weighing the aggravating circumstances, believing without their consideration, he would be entitled to a lesser sentence. Specifically, Garcia contends that the court should not have weighed any aggravating circumstances, especially harm to the victim, because no evidence was presented and "the state never alleged any aggravators on the record or by pleading, thus it is unclear how the court assumed a prosecutorial role and alleged a harm or what type of harm." However, factors that could be considered aggravating, such as the harms alleged in the probation violation report, were presented to the judge, who had discretion to weigh all relevant factors. Accordingly, this assertion by Garcia provides no basis for relief.

**¶10**   For these reasons, this court grants review but denies relief because Garcia failed to demonstrate that the superior court abused its discretion by summarily dismissing his petition for post-conviction relief.



AMY M. WOOD • Clerk of the Court
FILED: AA