NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID ALLEN MUEHLHAUSEN, *Appellant.*

No. 1 CA-CR 20-0146
FILED 11-10-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201501331
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Law Offices of Harriette P. Levitt, Tucson
By Harriette P. Levitt
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

**C R U Z**, Judge:

**¶1**        This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for David Allen Muehlhausen has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Muehlhausen was convicted of four counts of sale of a dangerous drug (methamphetamine), Class 2 felonies; one count of sale of a narcotic drug (heroin), a Class 2 felony; one count of possession of a dangerous drug for sale (methamphetamine), a Class 2 felony; and one count of possession of a narcotic drug for sale (heroin), a Class 2 felony.  Muehlhausen filed a supplemental brief *in propria persona*, which the court has considered.  After reviewing the record, we affirm Muehlhausen's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Muehlhausen.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3**        In 2015, a Mohave County Sheriff's deputy arrested a drug dealer, B.J.  B.J. agreed to assist police in their investigation of other drug dealers in exchange for a more lenient sentence.  B.J. identified Muehlhausen as a drug dealer, and police began using B.J. for controlled drug buys with Muehlhausen.

**¶4**        In August 2015, while under surveillance, Muehlhausen sold B.J. a quarter ounce of methamphetamine for $200.00.  In September 2015, Muehlhausen sold B.J. a half ounce of methamphetamine for $350.00.  On October 7, 2015, Muehlhausen sold B.J. an ounce of methamphetamine for $500.00.  Later that month Muehlhausen sold B.J. two ounces of methamphetamine and two to three grams of heroin for $1200.00.

**¶5**        Police officers executed a search warrant at Muehlhausen's residence on October 28, 2015.  They found drug paraphernalia, methamphetamine, heroin, and cash.  After waiving his *Miranda* rights,

Muehlhausen told police that he was a drug dealer. He also confessed that he had more drugs in a toolbox in the back of his vehicle. Police searched the vehicle and found large amounts of methamphetamine and heroin.

¶6        The State charged Muehlhausen with five counts of sale of a dangerous drug (methamphetamine), Class 2 felonies; one count of sale of a narcotic drug (heroin), a Class 2 felony; one count of possession of a dangerous drug for sale (methamphetamine), a Class 2 felony; one count of possession of a narcotic drug for sale (heroin), a Class 2 felony; and one count of possession of drug paraphernalia, a Class 6 felony. The State alleged that Muehlhausen had four prior convictions and filed an allegation of aggravating factors.

¶7        Muehlhausen absconded, and he was tried in absentia. On the State's motion, Counts 2 (sale of methamphetamine) and 10 (possession of drug paraphernalia) were dismissed with prejudice. A jury convicted Muehlhausen as charged. The State did not proceed with a trial on the aggravating circumstances. In addition, the State withdrew its allegation of prior felony convictions.

¶8        Eventually Muehlhausen was apprehended and he was present for sentencing in 2019. The superior court found three mitigating factors and no aggravating factors. The court imposed minimum sentences of five calendar years in prison for each of the four convictions for sale of methamphetamine (renumbered Counts 1-4), to be served consecutively. The court sentenced Muehlhausen to the minimum sentence of four years in prison for sale of heroin (Count 5), to be served concurrently with Count 4 and consecutively to Count 3. The court sentenced Muehlhausen to the minimum sentence of five calendar years in prison for possession of methamphetamine for sale (Count 6), to be served consecutively to Count 4. The court sentenced Muehlhausen to the minimum sentence of four years in prison for possession of heroin for sale (Count 7), to be served concurrently with Count 6 and consecutively to Count 4. The court gave Muelhausen credit for 197 days of presentence incarceration.

¶9        Muelhausen timely appealed, and we have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A), 13-4031, and -4033(A).[1]

---

[1]      This court has an independent duty to determine whether we have jurisdiction. *State v. Raffaele*, __ Ariz. __, __, ¶ 9, 471 P.3d 685, 689 (App.

## DISCUSSION

¶10  We have reviewed the entire record for reversible error. *See State v. Thompson*, 229 Ariz. 43, 45, ¶ 3 (App. 2012). Counsel for Muehlhausen has advised this court that after a diligent search of the record counsel has found no arguable question of law.

¶11  In his supplemental brief Muehlhausen argues the superior court illegally enhanced and aggravated his sentences because the court ordered five of his sentences to be served consecutively and did so without a jury finding. We disagree. The superior court found that no aggravating factors had been proven and sentenced Muehlhausen to minimum sentences on all seven counts. The court had the discretion to order the sentences be served consecutively. *See* A.R.S. § 13-711(A). No jury determination was required.

¶12  Muehlhausen argues that he was wrongly convicted of Counts 6 and 7 because he did not sell drugs on October 28, 2015.[2] Count 6 was for possession of a dangerous drug for sale (methamphetamine) and Count 7 was for possession of a narcotic drug for sale (heroin). Neither charge was for selling drugs—the charges arose from the search of

---

2020). The record reflects that Muehlhausen absconded after the superior court granted him furlough in 2016, he was tried in absentia and convicted in May 2019, he was arrested in Las Vegas in December 2019, and he was sentenced in February 2020, more than ninety days after conviction. *See* A.R.S. § 13-4033(C) ("A defendant may not appeal under subsection A, paragraph 1 or 2 if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary."). However, for the "implied waiver of a defendant's constitutional right to appeal under § 13-4033(C) to become effective," the superior court must make "a finding that the waiver was knowing, voluntary, and intelligent." *Raffaele*, __ Ariz. at __, ¶ 12, 471 P.3d at 689. Here, the superior court made no finding as to whether Muehlhausen knowingly, voluntarily, and intelligently waived his right to appeal by delaying sentencing by more than ninety days. Accordingly, we have jurisdiction. *See id.* at __, ¶¶ 14-15, 471 P.3d at 690.

[2] Counsel's *Anders* brief wrongly states that Muehlhausen was charged with seven counts of sale of methamphetamine (instead of five) and fails to mention that he was charged with one count of possession of methamphetamine for sale.

Muehlhausen's residence and vehicle on October 28, 2015, and sufficient evidence supported the convictions.

¶13        Muehlhausen also argues that the superior court erred by applying presentence incarceration credit only to his sentence for Count 1. However, presentence incarceration credit is applied to only one of a defendant's sentences if consecutive sentences are imposed. *State v. Jackson*, 170 Ariz. 89, 91, 94 (App. 1991). We find no error.

¶14        Muehlhausen argues that the superior court's sentences were illegal because he was given calendar year sentences and because he was ordered to do community supervision at the end of those sentences. We disagree. The court ordered Muehlhausen to serve calendar year sentences for his methamphetamine convictions pursuant to A.R.S. § 13-3407(E) (minimum sentence for possessing methamphetamine for sale or selling methamphetamine is five calendar years). Community supervision is consecutive to imprisonment, A.R.S. § 13-603(I), and is not equivalent to imprisonment. *State v. Cowles*, 207 Ariz. 8, 10, ¶ 9 (App. 2004). "The plain language of A.R.S. section 13-603(I), read in conjunction with the related statutes, indicates the Legislature's intent to require a term of community supervision for all prisoners, whether or not they are eligible for early release." *State v. Jenkins*, 193 Ariz. 115, 119, ¶ 11 (App. 1998). "In the case of a flat-time sentence, the term of community supervision necessarily begins on the sentence expiration date." *Id.* at 120, ¶ 13. The superior court's imposition of calendar year sentences for Muehlhausen's methamphetamine convictions and imposition of community supervision was not illegal.

¶15        Muehlhausen complains that the superior court mentioned his drug addiction during sentencing, citing a portion of the sentencing transcript where his own attorney, not the court, asked the court to consider Muehlhausen's drug addiction as a mitigating factor. The court then, as requested, found that Muehlhausen's drug addiction was one of three mitigating factors. We find no error. Muehlhausen also complains that the court failed to find additional mitigating factors. However, the court imposed minimum sentences and additional mitigating factors would not have helped Muehlhausen, even if they had been found by the court. We find no error.

¶16        We have read and considered counsel's brief and the supplemental brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the

record reveals, counsel represented Muehlhausen at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Muehlhausen's convictions and sentences.

**¶17** Upon the filing of this decision, defense counsel shall inform Muehlhausen of the status of the appeal and his future options. Counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Muehlhausen shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶18** For the foregoing reasons, we affirm Muehlhausen's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA