NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LATROY WILLIE COLEMAN, *Appellant.*

No. 1 CA-CR 19-0676
FILED 12-8-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-002200-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1　　　　Latroy Coleman appeals his conviction and sentence for aggravated taking identity of another. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　Coleman, a Florida resident, was traveling cross country with a group of people when he was arrested in Arizona on a matter unrelated to this case. After detectives advised him he faced substantial prison time in that matter, Coleman told a detective that the group was using stolen identification and credit cards to rent hotel rooms and cars. Coleman said he was the group's "hide man," tasked with concealing the stolen cards wherever the group stopped. He told the detective the group had "over 150" cards in Arizona, and he described two locations where "60 [to] 70" cards could be found. Following Coleman's directions to a hiding spot beside a tree, an officer found two wrapped bundles containing driver licenses, social security cards, credit and debit cards, blank checks, and other personal identification and financial information for more than twenty-five different people. The officer also found three driver licenses and two debit cards under a refrigerator in a hotel room for which Coleman possessed a card key.

¶3　　　　The State indicted Coleman on one count of aggravated taking identity of another, which prohibits a person from, in relevant part, "knowingly . . . possess[ing] . . . any personal identifying information" of "[t]hree or more other persons" without their consent, "with the intent to . . . use the other persons' . . . identities for any unlawful purpose or to cause loss to the persons . . . whether or not [they] actually suffer any economic loss." A.R.S. § 13-2009(A)(1). In such actions, proof the defendant possessed identifying information of three or more persons outside of the regular course of business "may give rise to an inference that the personal identifying information . . . was possessed for an unlawful purpose." A.R.S. § 13-2009(C).

¶4        Coleman's defense at trial was that he had no actual knowledge the cards were stolen or intended to be used unlawfully. He testified that many of his statements to the detective—including that the cards were used for renting cars and hotel rooms—were fabricated guesses, made in the hope he would receive leniency in the unrelated matter by furnishing information about an identity theft scheme. Apart from Coleman's statements to the detective, the State offered no evidence at trial showing Coleman or another member of his group used another's personal information to rent a car or hotel room.

¶5        The jury, which was instructed on both principal and accomplice liability, found Coleman guilty as charged. After finding he had two historical prior felony convictions, the superior court sentenced Coleman as a repetitive offender to the presumptive term of 11.25 years' in prison. We have jurisdiction over Coleman's timely appeal under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6        Coleman contends the superior court incorrectly applied the hearsay rule to preclude evidence that did not fall within the definition of hearsay. *See* Ariz. R. Evid. 801, 802. We review the court's exclusion of evidence under the hearsay rule for an abuse of discretion. *State v. Forde*, 233 Ariz. 543, 564, ¶ 77 (2014). Because the record and rules of evidence support the superior court's ruling, Coleman's claim lacks merit. *See State v. Cowles*, 207 Ariz. 8, 9, ¶ 3 (App. 2004) ("Generally, a court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision." (citation omitted)).

¶7        While investigating the identity theft case, a detective obtained financial records showing a member of Coleman's group rented a hotel room using his own identification and financial information. Coleman sought to introduce evidence of the financial records through the testimony of the detective, asserting the evidence was relevant to rebut the State's theory—based on Coleman's own statements—that the group was using stolen information to rent hotel rooms. The superior court ruled the evidence, as described by Coleman, was inadmissible hearsay because he was offering it for the truth of its contents—that one of his associates rented a room using his own information. The court elaborated that if Coleman could introduce the evidence for a non-truth purpose—for example, to show law enforcement officers were aware members of Coleman's group were using their own information, or to show why the officers took a

particular action—the evidence might be admissible. Coleman responded that, based on the court's ruling, he did not expect to ask the detective about the records.

**¶8**         Coleman broached the subject, however, when he examined the detective. Coleman asked the detective whether he authored court orders to obtain bank records for a suspect. When the detective responded in the affirmative, Coleman asked whether he saw transactions in those records occurring in October 2016 (*i.e.*, the month Coleman was arrested). The superior court sustained an objection by the State, and Coleman proceeded to a different subject.

**¶9**         Coleman now argues the superior court abused its discretion by preventing him from offering evidence of the financial records for the non-truth purpose of showing the effect of those records on law enforcement—namely, that they conducted an inadequate investigation. His claim of error is not supported by the record. The superior court told Coleman the evidence at issue would be admissible if offered to show law enforcement's awareness of the records or why they took a particular action. Based on that ruling, Coleman could have sought to introduce the very evidence he now claims the court precluded. But he did not.

**¶10**         But even if we assumed the superior court's ruling did not permit admission of the financial records for a non-hearsay purpose and that this ruling was an abuse of discretion, the State has proved beyond a reasonable doubt that any error was harmless, *i.e.*, "the error did not contribute to or affect the verdict or sentence." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005).

**¶11**         The jury was not required to find Coleman possessed others' personal identifying information for the purpose of renting hotel rooms and cars; only that the information was intended to be used unlawfully. The evidence admitted at trial gave rise to an inference that the information "was possessed for an unlawful purpose," A.R.S. § 13-2009(C), and Coleman's testimony at trial confirmed that inference. Coleman testified that he inferred the bundles he was hiding contained state identification and credit cards; he knew approximately how many cards were contained in the bundles; he hid the cards at the request of an associate; he knew the cards did not belong to the associate; and he acknowledged the group he was traveling with was probably "less than law abiding." The jury found Coleman guilty despite substantial evidence, undisputed by the prosecution, that law enforcement found no evidence other than Coleman's statements, and essentially conducted no investigation into whether

Coleman's group actually used stolen information to rent hotel rooms and cars.

¶12 Because the excluded evidence in this case was merely cumulative of the evidence Coleman presented, we are convinced beyond a reasonable doubt the exclusion did not affect the verdict. *See State v. Dunlap*, 187 Ariz. 441, 456-57 (App. 1996) (citing *State v. Gallegos*, 178 Ariz. 1, 13 (1994)).

## CONCLUSION

¶13 For the foregoing reasons, we affirm Coleman's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:    AA