IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant,*

*v.*

CHRISTINA LEOTA, *Appellee*.

No. 1 CA-CR 22-0463
FILED 10-17-2023

Appeal from the Superior Court in Yavapai County
No. P1300CR201900669
The Honorable Krista M. Carman, Judge

**VACATED AND REMANDED WITH INSTRUCTIONS**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Scott W. Blake
*Counsel for Appellant*

DM Cantor, Phoenix
By Courtney R. Sullivan
*Counsel for Appellee*

**OPINION**

Judge Paul J. McMurdie delivered the Court's opinion, in which Presiding
Judge D. Steven Williams and Judge Samuel A. Thumma joined.

**M c M U R D I E**, Judge:

**¶1** The State appeals from an order dismissing with prejudice its case against the defendant, Christina Leota. Because the prejudice found by the court—emotional suffering and financial harm—is legally insufficient alone to dismiss a case with prejudice for a Rule 8 violation, we vacate the order and remand it to the superior court with instructions to dismiss the charge without prejudice.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** In 2019, the State charged Christina Leota with luring a minor for sexual exploitation, a Class 3 Felony. The State alleged Leota offered or solicited sexual conduct with her adopted son, Eddie.[1] The court scheduled the trial for June 2020 and excluded "Rule 8 time" on behalf of Leota. *See* Ariz. R. Crim. P. 8.2(a), 8.4(a) (The court must try a criminal defendant within specified time frames, but some delays are excluded from the time computation.). The court vacated the trial date after the State moved for a continuance.

**¶3** In June 2020, the parties submitted a joint report and agreed that, because of the COVID-19 pandemic, the Arizona Rule of Criminal Procedure 8 ("Rule 8") deadline should be extended. The court excluded time and scheduled a trial for December 2020.

**¶4** In November 2020, the court heard arguments on motions the State and Leota filed. After the court ruled on the motions, Leota requested that the trial be continued. The State was ready to proceed with the trial at that time. The court denied Leota's continuance request, noting it was "not feasible given the backlog of trials due to the pandemic."

**¶5** In December 2020, Eddie told the court that he intended to invoke his Fifth Amendment privilege against self-incrimination during his testimony at the trial. Because of Eddie's invocation, the State requested a continuance to reevaluate the case. Leota objected, but the court rescheduled the trial to March 2021. The court later continued the trial to April 2021, when it found the parties were unprepared to proceed.

**¶6** Meanwhile, the court granted the State's request to depose Eddie and give him immunity to answer questions during the depositions and trial. Eddie challenged the court's order in a special action petition to

---

[1] We use a pseudonym to protect the victim's identity.

this court. *E.L. v. Carman*, 252 Ariz. 173, 174, ¶ 1 (App. 2021). This court stayed the trial proceedings, issued an opinion accepting jurisdiction, and remanded the case to the superior court to reconsider the State's deposition motion. *Id.* at 178, ¶¶ 19–20.

¶7            After the remand, the court rescheduled the trial for late April 2022. Per the court's request, Leota submitted notice that the last day under Rule 8 was April 3, 2022. The Presiding Judge later extended Leota's Rule 8 time until April 26, 2022, citing extraordinary circumstances because of COVID-19. *See* Ariz. Sup. Ct. Admin. Ord. No. 2021-187, *In the Matter of: Authorizing Limitation of Court Operations During a Public Health Emergency and Transition to Resumption of Certain Operations* (Dec. 14, 2021) (authorizing the presiding superior court judges to exclude time from cases due to extraordinary circumstances caused by the COVID-19 pandemic).

¶8            In April 2022, Eddie notified the court that his counsel's emergency surgery conflicted with the trial date. The State and Leota were ready to proceed with the trial. Because of the medical emergency, the court rescheduled the trial for June 2022 and again extended Rule 8 time.

¶9            In May 2022, the prosecutor notified the court that she had developed a serious medical condition. Over Leota's objection, the court vacated the June 2022 trial date, again extended Rule 8 time, and scheduled a pretrial conference for July 11, 2022, which was later moved to July 20, 2022. The court instructed counsel to bring their trial calendars so it could schedule a final trial date. At the conference, the court rescheduled the trial for September 20, 2022—the Rule 8 "last day." Although the State failed to have its witnesses' availability at the conference, the prosecutor informed the court she would contact the witnesses to ensure everyone was available and would "file something immediately with the court" if she learned of any conflicts.

¶10            Within a week after the July 20 scheduling conference, the State moved to continue the trial date because two witnesses had scheduling conflicts. The motion stated the witnesses' "travel plans . . . were scheduled long before the new trial date was tentatively selected." As a result, given scheduling conflicts by these two witnesses during "the entire week of trial," the State requested "a very short continuance of the scheduled trial date based on witness unavailability."

¶11            Leota and Eddie objected to the continuance, and the court denied the State's motion. The State moved for reconsideration, arguing that witness unavailability was a valid ground for a continuation and the

exclusion of Rule 8 time. *See State v. Lukezic*, 143 Ariz. 60, 70 (1984) (A person's absence may constitute an extraordinary circumstance under Rule 8 justifying a continuance.); *cf. State v. Vasko*, 193 Ariz. 142, 144, ¶ 11 (App. 1998) (A continuance may not be warranted when a key witness's scheduling conflict can be foreseen and avoided.); *State v. Heise*, 117 Ariz. 524, 526 (App. 1977) (similar). The State also argued, "should [it] be placed in a situation where it must dismiss the case and refile charges in order to have its two most crucial witnesses present . . . the State may refile and the time limitations of [the] rule start over." The court denied the motion for reconsideration.

¶12 In September 2022, the State moved to dismiss the case without prejudice, arguing it could not "effectively and fairly present its case" without the witnesses. In response, Leota argued that the State moved to dismiss to avoid Rule 8 time limits. Citing *State v. Paris-Sheldon*, 214 Ariz. 500 (App. 2007) and other authorities, Leota asked the court to deny the motion to dismiss or, in the alternative, to dismiss the case with prejudice because "the interests of justice require it." Leota asserted the trial's delay had diminished the memory of the defense witnesses, interfered with her household's financial resources, and caused her family stress and anxiety. On September 13, because of the dismissal motion and Leota's response, the court vacated the September 20 trial. The court stated it would "reserve ruling whether such dismissal is with or without prejudice until after the matter has been fully briefed."

¶13 On September 23, based on the parties' filings and without a hearing, the court granted the State's motion to dismiss but dismissed the case with prejudice. The court found that the State moved to dismiss to avoid Rule 8 time limits, and the "last day" was September 20. To determine the remedy, the superior court looked to caselaw addressing Sixth Amendment speedy trial rights (as argued by Leota) and considered the length of the trial delay, Leota's assertion of her rights, the reason for the delay, and prejudice to Leota. *See Doggett v. United States*, 505 U.S. 647, 651 (1992); *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The court found that the case had been pending for over three years, the delays were attributable to both parties, and Leota asserted her speedy trial rights by objecting to the continuance.

¶14 The court also found Leota suffered prejudice from the case's delay. It noted Leota financially suffered because she needed to live outside her home and pay for a second residence, and her husband had to reduce his work to assume all childcare responsibilities. Also, Leota "had the financial burden of paying counsel to represent her throughout these

greater than 3 years" and "suffered the emotional stress that accompanies any legal matter, especially one involving criminal charges." The court made no finding about Leota's general allegation that the delay had diminished the witnesses' recollections. Finding that the interests of justice required dismissal with prejudice, the court so ordered.

**¶15**       The State appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 13-4032(1).

## DISCUSSION

**¶16**       We review the court's ruling on a motion to dismiss for abuse of discretion. *State v. Spreitz*, 190 Ariz. 129, 136 (1997); *State v. Gilbert*, 172 Ariz. 402, 404 (App. 1991). The court abuses its discretion if it commits a legal error when reaching its decision or if the record does not substantially support the decision. *State v. Cowles*, 207 Ariz. 8, 9, ¶ 3 (App. 2004); *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001).

**¶17**       The United States and Arizona Constitutions give the accused the right to a speedy trial in a criminal prosecution. U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. Through Rule 8, Arizona "provide[s] for stricter speedy trial requirements than those provided by . . . the United States Constitution." *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 339 (1974). *See generally* Ariz. R. Crim. P. 8.1–8.7. Thus, the remedy for a Rule 8 violation differs from a constitutional speedy trial violation. *Berger*, 111 Ariz. at 339; *see also State v. Lee*, 185 Ariz. 549, 556 (1996) ("[T]he violation of a procedural rule designed to safeguard a constitutional right is not necessarily the same thing as a violation of the right itself."). This case implicates Leota's procedural rights under Rule 8, not her constitutional speedy trial rights under the Sixth Amendment.

**A.       The Superior Court Did Not Abuse Its Discretion by Finding the State Moved to Dismiss to Avoid Rule 8.**

**¶18**       Rule 16.4 governs dismissals of prosecutions, and part (a) "provides the general circumstances under which the state may move for dismissal." *State v. Huffman*, 222 Ariz. 416, 420, ¶ 10, n.3 (App. 2009). "On the State's motion and for good cause, the court may order a prosecution dismissed without prejudice if it finds that the dismissal is not to avoid Rule 8 time limits." Ariz. R. Crim. P. 16.4(a). The Rule reflects the policy that a case may not be dropped at the prosecutor's discretion "but only by order of the court." Ariz. R. Crim. P. 16.6(a) cmt. (2017) (replaced with Rule 16.4

in 2018);[2] *see also Earl v. Garcia*, 234 Ariz. 577, 577, ¶ 1 (App. 2014) (The previous version of Rule 16.4(a) "precludes the prosecution from voluntarily dismissing a charge to avoid the Rule 8 deadline.").

**¶19** Rule 16.4(a) is silent on what the court may do if it finds the State is trying to avoid Rule 8. But we have held that the rule does not *require* the court to dismiss the case with prejudice if it finds the State moved to dismiss to avoid Rule 8 and instead must deny the State's motion to dismiss altogether and proceed with the trial. *See Paris-Sheldon*, 214 Ariz. at 508, ¶ 23.

**¶20** Here, the State argues that it did not move to dismiss to avoid Rule 8 but because it could not present its case given the unavailability of two necessary witnesses. The superior court cited the State's motion for reconsideration to support its finding that the State sought to avoid Rule 8. The State's motion for reconsideration stated it could seek dismissal of the case and refile the charges, which would restart the Rule 8 clock for trial. Though the State may have had other reasons for moving to dismiss, there was enough record evidence for the superior court to conclude that the State moved to dismiss, at least in part, to avoid Rule 8. *Cf. Cornell v. Superior Court*, 160 Ariz. 1, 3 (1989). Thus, the State has shown no error in the superior court's finding that the motion to dismiss was to avoid Rule 8. *See Cowles*, 207 Ariz. at 9, ¶ 3.

**B. The Superior Court Abused Its Discretion by Dismissing the Case with Prejudice.**

**¶21** Because the State moved to dismiss to avoid Rule 8, the court should have denied the State's Rule 16.4(a) motion and directed the parties to proceed with the trial. *See Paris-Sheldon*, 214 Ariz. at 508, ¶ 23. But after the court vacated the parties' trial date, a Rule 8 violation occurred. Thus, we examine whether the court could dismiss the case with prejudice under Rules 8 and 16.4(d).

---

[2]     Effective January 1, 2018, the rules of criminal procedure were restyled. Order Amending the Arizona Rules of Criminal Procedure, Ariz. Sup. Ct. No. R-17-0002 (Aug. 31, 2017). The changes to Rule 16 appear stylistic, not substantive. *See* Petition to Amend the Arizona Rules of Criminal Procedure app. B, Ariz. Sup. Ct. No. R-17-0002 (Jan. 8, 2017), available at https://www.azcourts.gov/Rules-Forum/aft/661 (download Appendix B and view page 29).

**¶22**            If a court finds a Rule 8 violation has occurred, the court *must* dismiss the case, but the dismissal may be either "with or without prejudice." Ariz. R. Crim. P. 8.6. Unlike the speedy trial guarantee under the Sixth Amendment, the Rule 8 speedy trial right is a procedural, not a constitutional or fundamental, right. *See Spreitz*, 190 Ariz. at 139. Not every Rule 8 violation or attempt to avoid Rule 8 requires dismissal with prejudice. *State v. Garcia*, 170 Ariz. 245, 248 (App. 1991) ("A violation of the time limits of Rule 8 does not mandate a dismissal with prejudice. . . . [N]ot every attempt to avoid an impending time limit merits dismissal with prejudice."); *accord Berger*, 111 Ariz. at 340 (When there is a Rule 8 violation, the court may "dismiss with prejudice or without prejudice depending upon the facts of the case.").

**¶23**            Rule 8.6 gives no guidelines for whether dismissal should be with or without prejudice. *State v. Tucker*, 133 Ariz. 304, 307 (1982). But Rule 16.4(d) instructs that dismissal of a prosecution is without prejudice "unless the court finds that the interests of justice require" dismissal with prejudice. Rule 16.4(d) "applies broadly to all dismissals." *Huffman*, 222 Ariz. at 420, ¶ 10. The same considerations discussed in cases construing Rule 16.4(d) and its predecessor govern whether a Rule 8 dismissal should be with or without prejudice. *Garcia*, 170 Ariz. at 248. Thus, "if the defendant can show that the state delayed for the purpose of gaining a tactical advantage over him or to harass him, and if he can show that he actually suffered prejudice as a result of the state's conduct, a dismissal with prejudice would be justified." *Id.*

**¶24**            Factors from the Sixth Amendment caselaw may also guide the decision to dismiss with or without prejudice. *See Tucker*, 133 Ariz. at 308. When addressing a Sixth Amendment speedy trial claim, a court considers "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker*, 407 U.S. at 530; *see also Doggett*, 505 U.S. at 651. The reason for the delay and prejudice to the defendant are "helpful guidelines" in deciding whether a Rule 8 dismissal should be with or without prejudice. *Tucker*, 133 Ariz. at 308. But again, the "determinative factor is whether the delay resulted in prejudice" to the defendant. *State ex rel. DeConcini v. Superior Court*, 25 Ariz. App. 173, 175 (1975); *see also State v. Hannah*, 118 Ariz. 610, 611 (App. 1978) (same); *Gilbert*, 172 Ariz. at 404 ("The most important factor to consider in whether a dismissal should be with or without prejudice is whether delay in the prosecution will result in prejudice to the defendant."); *State v. Mendoza*, 170 Ariz. 184, 192 (1992) ("The dismissal may be with prejudice if the defendant can show that he was actually prejudiced by the delay."); *State v. Wills*, 177

Ariz. 592, 594 (App. 1993) (Dismissal with prejudice requires a showing that "to do otherwise would result in some articulable harm to the defendant.").

¶25 The record here does not support dismissal with prejudice for the Rule 8 violation. The superior court did not find, and Leota did not argue, that the State moved to dismiss to obtain a tactical advantage or harass Leota. *See Garcia*, 170 Ariz. at 248. Likewise, the superior court found that both parties were just as responsible for the trial delay and that the COVID-19 pandemic also contributed. Substantial record evidence supports these findings. *See Cowles*, 207 Ariz. at 9, ¶ 3. Although Leota objected to some of the State's continuance requests, the court also excluded Rule 8 time and continued the trial on Leota's behalf. And there is no argument that any of the court's Rule 8 exclusions were improper.

¶26 Critically, Leota failed to show that she "actually suffered prejudice as a result" of the Rule 8 violation. *Garcia*, 170 Ariz. at 248. The court found that the trial delay harmed Leota financially and emotionally. Financial expenses and emotional suffering alone do not satisfy the showing needed to justify dismissal with prejudice for a Rule 8 violation. *See DeConcini*, 25 Ariz. App. at 175. Although anxiety and stress may be factors in determining whether a constitutional violation occurred, they are insufficient on their own to establish prejudice under Rule 8. *See State v. Wassenaar*, 215 Ariz. 565, 572, ¶ 20 (App. 2007) (The defendant's claim he was under "undue anxiety and stress" could not, without more, show prejudice under Rule 8 or the United States Constitution when he "never argued that the delay caused him to be subject to prolonged confinement, that he was unable to fully investigate his case, that he could not adequately prepare for trial, that he was unable to locate evidence or witnesses, that he lost the opportunity to present any evidence or testimony or that he otherwise could not present his entire defense as intended."); *see also Spreitz*, 190 Ariz. at 140 ("While five years in custody may have increased defendant's anxiety quotient, we find, on the entire record, that the delay did not prejudice his ability to defend against the state's claims.").

¶27 Prejudice under Rule 8 occurs if the defendant shows that the delay impairs his or her ability to defend against the State's charges. *See Wassenaar*, 215 Ariz. at 571, ¶ 16; *In re Arnulfo G.*, 205 Ariz. 389, 391, ¶ 9 (App. 2003). A defendant "must show that he was prejudiced by being prevented from presenting some defense, rather than by the state's being allowed to make its case." *State v. Zuck*, 134 Ariz. 509, 515 (1982); *see also Vasko*, 193 Ariz. at 147, ¶ 22 (It is not enough for the defendant to argue "that the state may not have made its case had the trial proceeded without" delay.).

**¶28**        Leota argues on appeal that trial delay decreases the likelihood that the witnesses will testify accurately if the State refiles the charges. As Leota made only general allegations that witnesses' memories deteriorate over time, the superior court focused only on Leota's emotional and financial suffering.

**¶29**        We cannot affirm the dismissal with prejudice because Leota's witness-recollection argument is insufficient to establish prejudice. This is not to say that the actual loss of a witness or a witness's recollection would not constitute cognizable prejudice in other cases or that Leota cannot raise a preindictment delay claim based on memory loss if the State reindicts her. *United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir. 1999) (Preindictment prejudice "is commonly demonstrated by the loss of documentary evidence or the unavailability of a key witness."); *cf. United States v. Sturdy*, 207 F.3d 448, 452 (8th Cir. 2000) (It is not sufficient for a defendant to make speculative or conclusory claims of possible prejudice because of the passage of time.) But here, Leota failed to argue or show how a witness's specific memory loss harmed her defense. *See State v. Broughton*, 156 Ariz. 394, 398 (1988) ("In essence, defendant's argument amounts to nothing more than an assertion that some of the witnesses may have had diminished recollections by reason of the passage of time. Courts consistently hold that diminished recollection by witnesses does not, by itself, constitute the type of substantial prejudice warranting a finding of a due process violation."); *Wills*, 177 Ariz. at 594-95; *State v. Dunlap*, 187 Ariz. 441, 451 (App. 1996); *see also State v. Youngblood*, 173 Ariz. 502, 507 (1993) (The mere possibility of prejudice is insufficient.). Moreover, Leota's argument about general witness memory loss could be made in every case, meaning that (contrary to the Rule's mandate) all Rule 8 violations would lead to a dismissal with prejudice.

**¶30**        Because its prejudice findings were insufficient under Rule 8, the superior court erred by dismissing the case with prejudice.

## CONCLUSION

**¶31**        We vacate the superior court's order of dismissal with prejudice and remand to the superior court with instructions to dismiss the case against Leota without prejudice.

